■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VITO ANDRIACCO, Defendant, and JOSEPH VENTURA, Appellant.— Judgment unanimously reversed on the law and facts and indictment dismissed in accordance with the Memorandum in *People* v. *Andriacco* decided herewith (29 A D 2d 733). (Appeal from judgment of Erie County Court convicting defendant of violation of section 974 of the Penal Law, a misdemeanor.) Present— Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ EMMA LODGE, Respondent, v. WESTERN NEW YORK DANCE STUDIOS, INC., et al., Defendants, and FRED ASTAIRE, Appellant.— Order unanimously affirmed, with costs. Memorandum: The issue presented is whether personal jurisdiction has been acquired of the defendant Fred Astaire, a domiciliary of the State of California, by personal service of a summons upon him in the State of California. Plaintiff is suing for the recovery of the consideration paid Western New York Dance Studios, Inc., and for punitive damages on the grounds that the contracts entered into between her and the defendant Western New York Dance Studios, Inc., were induced by fraud, illegal and void under section 394 of the General Business Law and produced by a conspiracy among all the defendants. The defendant Fred Astaire had a licensing contract with Fred Astaire Dance Studios Corporation. This Corporation granted a sublicense to Western New York Dance Studios, Inc., who employed the individual defendants actually operating Western New York Dance Studios, Inc. Under the licensing agreement between Astaire and the Astaire Corp. Fred Astaire retained the right to control the use of his name and the advertising employed to exploit its unique commercial value with respect to dance studios. His name was liberally used to the extent that the studios identified their operation completely with Astaire personally. From this exploitation over which Astaire maintained the right of control he was entitled to derive an income amounting to about $30,000 a year and extending over a 40-year period. It would appear that the individuals operating the Western New York Dance Studios, Inc., were Astaire's agents for purposes of exploiting the commercial value of his name since he retained control over them with respect to advertising and publicity and derived substantial economic gain from the activities carried on in connection therewith. Western New York Dance Studios, Inc., for purposes of commercially exploiting the Astaire name was thus an actual agent of Fred Astaire transacting business for him within the State of New York and jurisdiction therefore was properly asserted over him individually by personal service under CPLR 313. (Appeal from order of Erie Special Term denying motion to dismiss complaint in contract action.) Present— Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ. [53 Misc 2d 803.]

■ In the Matter of DEAN HYLAND, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.— Motion to vacate judgment (Order of disbarment) and for other relief denied. Present— Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.