ANN HODOM, Individually and as Administrator of the Estate of JOHN HODOM, Deceased, Appellant, v. ROBERT STEARNS, Doing Business as PACIFIC RESEARCH LABORATORIES INTERNATIONAL, Respondent.

Fourth Department, June 27, 1969.

*Fred J. O'Donnell* for appellant.

*Marshall, Bratter, Greene, Allison & Tucker* (*Irving M. Basloe* of counsel), for respondent.

*Per Curiam.* Special Term granted defendant's motion to dismiss the complaint upon a finding that "The contacts here are insufficient to sustain the jurisdiction" of the court. In so doing the court failed to consider (as have both parties in this court) certain legal principles that lead us to a conclusion contrary to that reached by Special Term.

CPLR 302, so far as here material, provides that "a court may exercise personal jurisdiction over any nondomiciliary * * * who in person or through an agent: 1. transacts any business within the state". In *Millner Co.* v. *Noudar, LDA* (24 A D 2d 326, 328) it was stated that "If the plaintiff were an employee of or an agent acting exclusively for the defendant, plaintiff's acts, in and of themselves, performed for the defendant in New York would suffice to establish jurisdiction of the action against the defendant" citing *Schneider* v. *J & C Carpet Co.* (23 A D 2d 103). In *Lodge* v. *Western New York Dance Studios* (29 A D 2d 734) this court held that personal jurisdiction had been obtained over the individual defendant, Astaire, upon a finding that Western New York Dance Studios, Inc. was the actual agent of Astaire. It was pointed out that Astaire retained control over the agent with respect to advertising and publicity and derived economic gain from the activities carried on in this State.

Similarly, we find sufficient proof in the record before us to justify a finding that plaintiff's intestate (Hodom) was in substance the agent of defendant. While the contract denominated Hodom to be a licensee of Stearns, other provisions of the writing establish that defendant retained such domination and control over Hodom's activities as to effectively prevent him from being an independent licensee or contractor. Thus, the

contract provided (par. 17) that "the prices, terms and conditions of placement" of the units to be sold by Hodom were to be fixed by defendant. Copies of all contracts for sales of units were to be sent to defendant within 48 hours and Stearns could collect any sum due him directly from the customer (par. 18). Hodom agreed to pay $200 annually for protection under defendant's master products liability policy (par. 18). Stearns prohibited the use of any advertising material by Hodom unless authorized and approved by defendant. Upon all the proof the conclusion is irresistible that defendant retained such domination and control over the activities of Hodom as to justify a finding that Stearns was transacting business in this State through Hodom and was deriving monetary gain therefrom.

The contract contained a further provision (par. 20) that "All suits, whether in law or in equity, commenced under this Agreement shall be brought in the appropriate jurisdictional court in the State of Oregon." It is not disputed that the contract was drafted by defendant and any ambiguity therein should be resolved against him. (*Rentways, Inc.* v. *O'Neil Milk & Cream Co.*, 308 N. Y. 342, 348.) Moreover, " as between possible interpretations of an ambiguous term, that will be chosen which best accords with the sense of the remainder of the contract." (*Rentways, Inc.* v. *O'Neil Milk & Cream Co., supra*, p. 347.)

Implementing these legal principles we conclude· that this action, which among other things seeks damages for fraudulent inducement, was not one " commenced under [the] agreement ". (Cf. *Matter of Harper*, 175 F. 412, 418.) Moreover, and significantly, the contract provision does not apply to " any dispute " arising under the contract but is limited to actions commenced " under " the agreement. In any event, whether such a provision should be enforced is a matter resting in the sound discretion of the court (*Export Ins. Co.* v. *Mitsui S. S. Co.*, 26 A D 2d 436, 438). Upon all the facts we conclude that plaintiff should not be denied the right to prosecute her action in the courts of this State.

The order should be reversed and the motion to dismiss the complaint denied.

GOLDMAN, P. J., WITMER, GABRIELLI, BASTOW and HENRY, JJ., concur.

Order unanimously reversed, with costs and motion to dismiss complaint denied.