■ ATLANTIC METAL PRODUCTS, INC., Respondent, v. BLAKE CONSTRUCTION CO., INC., Appellant.— Order, Supreme Court, New York County, entered on April 26, 1972, denying motion to dismiss for lack of jurisdiction, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Involved is a suit between a New York corporation with its factory in Yonkers, N. Y., and a Washington, D. C., firm. At issue is a contract executed by plaintiff in New York and returned to the defendant. The subject steel frames and doors were manufactured here and shipped to Washington, D. C. Then there ensued written change orders executed in New York and conferences in New York, attended by the defendant's representatives, including the defendant's president. In our view, the transactions conducted by defendant's representatives with respect to the contract in controversy during their visits to New York, coupled with the subsequent placement by defendant of a draft in the sum of $14,370.50 with plaintiff's New York attorney, which was sent to him in New York to be held in escrow by him pending delivery by plaintiff of a balance of materials theretofore agreed upon at a second meeting in New York, at which time the differences of the parties were negotiated and resolved, constituted in their totality the purposeful activities necessary to confer jurisdiction pursuant to the statutory standard set forth in CPLR 302 (subd. [a], par. 1). We find the contract here involved to have a "substantial connection" with New York and that the maintenance of the suit does not offend "traditional notions of fair play and justice." (See *McGee* v. *International Life Ins. Co.*, 355 U. S. 220, 223; *International Shoe Co.* v. *Washington*, 326 U. S. 310, 316.) In *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke* (15 N Y 2d 443, 456) then Judge Fuld, speaking for a unanimous Court of Appeals made clear that activities undertaken subsequent to the making of a contract in furtherance of its performance may well constitute the transaction of "business" under the long-arm statute. Thus, we find Special Term was

fully justified in sustaining jurisdiction over the appellant. (See *Millner Co.* v. *Noudar, LDA.,* 24 A D 2d 326.) Concur — McGivern, J. P., Markewich, Kupferman and Murphy, JJ.; Nunez, J., dissents in the following memorandum: I dissent. In my opinion defendant's minimal activities in New York are insufficient to satisfy the jurisdictional requirement of purposeful acts committed in New York.