DALE DEL BELLO et al., Respondents, *v.* JAPANESE STEAK HOUSE, INC., Appellant.

Fourth Department, February 22, 1974.

*Branch, Van Voorhis & Wise* (*Charles S. Turner* of counsel), for appellant.

*Lipsitz, Green, Fahringer, Roll, Schuller & James* (*Evan E. James* of counsel), for respondents.

WITMER, J. P.  Defendant appeals from an order of Special Term of the Supreme Court in Erie County denying its motion for the dismissal of the complaint on the ground that the court does not have jurisdiction of the defendant, a Florida corporation.  It appears that defendant's principal office and place of business is in Florida.  The corporation is in the business of franchising a unique restaurant idea, using a patented combination cooking and eating table in the operation of an oriental-type steak house.  It advertised in New York in the *Wall Street Journal*, soliciting licensees of its franchise operation, and plaintiffs responded by letter to the defendant in Florida.  As a result plaintiffs signed an application for such a license and defendant, in Florida, accepted it, the total price being $20,000.  Plaintiffs paid $5,000 to the defendant and were to pay the balance when they completed construction of their restaurant and

secured their liquor license. Defendant agreed to forward the franchise license to plaintiffs upon receipt of the remaining $15,000.

In connection with the franchise defendant agreed to furnish to plaintiffs certain plans and to give other help and advice. In response to an inquiry by the New York State Liquor Authority concerning plaintiffs' proposed operation and defendant's status in this franchise business, defendant answered the Authority's questions in writing. Soon thereafter plaintiffs asserted that the defendant failed to perform its agreement to aid and advise them, and they sought to rescind the contract and demanded the return of their $5,000 payment. Defendant refused the demand and plaintiffs instituted this action to recover the money by service of summons and complaint in Florida.

Defendant moved for dismissal of the complaint upon the ground that the court lacked jurisdiction because defendant is a foreign corporation and did no business in the State, either generally or in connection with this transaction. In opposition to the motion plaintiffs conducted an examination before trial of defendant in Florida. The record shows that (1) defendant is not authorized to do business in New York State and has never done any business here, (2) defendant has no office, agent or employee in this State nor any telephone listing here, and never has sent an employee or agent into this State, (3) all negotiations herein on the part of defendant, either by correspondence, telephone or personal meetings with plaintiffs, occurred in Florida, (4) all assistance which defendant gave to plaintiffs in connection with this contract was by telephone or by correspondence and materials sent to plaintiffs by defendant from Florida.

In denying the motion Special Term enumerated six acts by defendant which it concluded constituted the transaction of business in New York, to wit, (1) advertising in the *Wall Street Journal*, (2) telephone negotiations between plaintiffs in New York and defendant in Florida, (3) defendant sent plans, forms, manuals and other material to plaintiffs in New York in connection with the franchise, (4) defendant corresponded by mail with New York State Alcoholic Control Division in behalf of plaintiffs in this transaction, (5) defendant engaged " in other purposeful activities in New York State with others who had no connection with plaintiffs in order to further its business potential within this State ", and (6) the above communications extended over a period of one year.

In support of the order plaintiffs contend that under the contract they became the agents of defendant in this State, that their acts, therefore, were the acts of defendants, and such acts constituted doing business in this State and thus subjected defendant to the jurisdiction of this State. This contention must fail, however, for defendant exercised no control or dominion over plaintiffs' activities in New York (cf. *Hodom* v. *Stearns*, 32 A D 2d 234; *Lodge* v. *Western N. Y. Dance Studios*, 29 A D 2d 734). The independent acts in New York for their own purposes by residents in a contract relationship with a non-resident person or corporation in another State may not be attributed to the nonresident so as to become the acts of the nonresident within New York (*Haar* v. *Armendaris Corp.*, 31 N Y 2d 1040; *Glassman* v. *Hyder*, 23 N Y 2d 354; and see *Millner Co.* v. *Noudar, Lda.*, 24 A D 2d 326, 328–329).

Plaintiffs further contend that the acts of defendant, enumerated by Special Term as above set forth, constitute sufficient contacts in New York in connection with this contract so as to subject defendant to New York jurisdiction under New York's " long arm " statute (CPLR 302, subd. [a], par. 1). We find, however, that such acts were insufficient to confer jurisdiction over defendant. It is undisputed that defendant had and has no office in this State, no agent or employee or telephone listing here, and that all of its negotiations with plaintiff were in and from Florida. The mere mailing of literature and advice into this State does not subject a nonresident to New York jurisdiction (*McKee Elec. Co.* v. *Rauland-Borg Corp.*, 20 N Y 2d 377; *Standard Wine & Liq. Co.* v. *Bombay Spirits Co.*, 20 N Y 2d 13; *Kramer* v. *Vogl*, 17 N Y 2d 27; *Simplicity Mach. & Mfg. Co.* v. *Stevens Co.*, 30 A D 2d 768; and see *Millner Co.* v. *Noudar, Lda.*, 24 A D 2d 326, 330, *supra*).

The order denying the motion to dismiss the complaint should, therefore, be reversed, the motion granted and the complaint dismissed.

MOULE, MAHONEY, GOLDMAN and DEL VECCHIO, JJ., concur.

Order unanimously reversed with costs, motion granted and complaint dismissed.