**CONCRETE DETAILING SERVICES, INC., Plaintiff,**

v.

**THOMSSON STEEL CO., INC., Defendant.**

No. 75 Civ. 3928.

United States District Court, S. D. New York.

Jan. 7, 1976.

Harvey L. Strelzin, New York City, for plaintiff; by Rachel B. Backer, New York City, of counsel.

Cohn, Glickstein, Lurie, Ostrin & Lubell, New York City, for defendant; by Robert F. Condon, Washington, D. C., of counsel.

OPINION

KEVIN THOMAS DUFFY, District Judge.

Defendant, Thomsson Steel Co., Inc., has moved, pursuant to Rules 12(b)(2) and 12(b)(3), Fed.R.Civ.P., to dismiss this diversity action for lack of personal jurisdiction over the defendant. The plaintiff, Concrete Detailing Services, Inc., a New York corporation, apparently contracted to supply the defendant, a Maryland corporation, with certain drawings, plans and blueprints necessary to perform its subcontract on a construction project in Washington, D.C. (the new Walter Reed General Hospital). It is the alleged breach of this contract which forms the basis of plaintiff's suit. The defendant has moved to dismiss the complaint, or in the alternative to transfer the action to the District of Maryland.

The contract, dated October 2, 1972, between the parties was negotiated by telephone and in one meeting at defendant's premises in Maryland. During the performance of the contract the parties were in frequent telephonic communication and representatives of the plaintiff allegedly made several visits to the Washington, D.C. area to meet with representatives of defendant. An officer of defendant made one visit to New York to discuss matters relevant to the contract. Thereafter, the defendant sent plaintiff a modification of the price and payment terms of the contract as had been requested by plaintiff both before and during the New York visit of defendant's representative.

The defendant's motion is premised on the facts that the defendant has no New York office, telephone, employees, etc. and the contract was arguably negotiated outside of New York.

The plaintiff's basic argument in support of jurisdiction is that personal jurisdiction over the defendant was acquired under a section of the New York long arm statute, New York CPLR § 302(a)(1), which provides for personal jurisdiction over a defendant where the suit arises out of a transaction of business in New York by the defendant or his agent. In support of this argument plaintiff cites a number of cases [1] for the proposition that the acts of an agent or employee in New York provide a sufficient basis for jurisdiction even though the defendant himself was not present in the state.

---

1. See, e. g., *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970); *Collateral Factors Corp. v. Meyers*, 39 A.D.2d 27, 330 N.Y.S.2d 833 (1st Dep't 1972); *John DeNigris Associates, Inc. v. Pacific Air Transport Int'l, Inc.*, 38 A.D.2d 363, 329 N.Y.S.2d 939 (1st Dep't 1972); *Legros v. Irving*, 77 Misc.2d 497, 354 N.Y.S.2d 47 (N.Y. Sup.Ct.1973).

These cases fall into two basic categories. The first category includes suits by plaintiffs who were strangers to the employment or agency relationships.[2] This is not the situation in the case at hand; thus, the cases in this category lend no support to the plaintiff's position. In the second group of cases, actions of agents in New York were found to provide jurisdictional bases for suits by the agents against their principals (or employees against their employers).[3] This line of cases has been overruled by *Haar v. Armendaris Corp.*, 31 N.Y.2d 1040, 342 N.Y.S.2d 70, 294 N.E.2d 855 (1973) which rejected this bootstrapping theory.[4] See also, *Parke-Bernet, supra*, 26 N.Y.2d at 19, n. 2, 308 N.Y.S.2d 337, 256 N.E.2d 506; *Glassman v. Hyder*, 23 N.Y.2d 354, 296 N.Y.S.2d 783, 244 N.E.2d 259 (1968).

The question remains then whether the visit by an officer of defendant to New York, coupled with extensive telephonic communication between the parties by which defendant allegedly involved itself in the daily performance of the plaintiff's duties under the contract, constitutes a transaction of business in New York by the defendant which will sustain jurisdiction. The activities alleged do not rise to the level of the *"substantial* preliminary negotiations" as in *Longines, Wittnauer Watch Co. v. Barnes & Reinecke*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965) (emphasis added); nor were there sufficient *"conferences"* or contacts in New York as in *Atlantic Metal Products, Inc. v. Blake Constr. Co., Inc.*, 40 A.D.2d 966, 338 N.Y.S.2d 714 (1st Dep't 1972) (emphasis added). In *Longines* the preliminary negotiations by defendant's high level personnel in New York extended over a two month period. In the case at bar there was one visit for part of a day by an officer of defendant at which time the general course of performance of the contract was apparently discussed. It appears to me that this case falls within the ambit of *McKee Electric Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967) where no jurisdiction was found to exist based upon a few short visits of representatives of the defendant. Even the broad sweep of the "long arm" statute cannot be satisfied by such minimal contact bolstered only by the whims of a plaintiff or perhaps his counsel.

Accordingly, the motion to dismiss is granted.

Settle order on notice.

---

**2.** This category of cases includes the *Parke-Bernet* and *Legros* cases cited above.

**3.** This category of cases includes the *Collateral Factors* and *John DeNigris Associates* cases cited above.

**4.** Although *DelBello v. Japanese Steak House, Inc.*, 43 A.D.2d 455, 352 N.Y.S.2d 537 (4th Dep't 1974) contained dictum that where the principal asserts considerable control over the agent's activities the agent's actions in New York may provide a basis for jurisdiction in a suit by the agent against his principal, that dictum was based on two cases clearly distinguishable from the case at hand. In the case of *Hodom v. Stearns*, 32 A.D.2d 234, 301 N.Y.S.2d 146 (4th Dep't 1969) the control exercised by the principal was apparently significantly more than that alleged in this case. Furthermore, *Hodom* predates the *Haar* case. Moreover, *Lodge v. Western New York Dance Studios, Inc.*, 29 A.D.2d 734, 286 N.Y.S.2d 632 (4th Dep't 1968), the other case cited in *DelBello*, involved a suit by a third party, not by the agent himself.