NICHOLAS DE CILLIS, Plaintiff, v E. G. & B., INC., et al., Respondents, and ITT CONSUMER SERVICES CORPORATION, Successor to NATIONAL PARKING SYSTEMS, INC., Appellant.—Order unanimously affirmed, with costs. Memorandum: In this surplus money proceeding, defendant ITT Consumer Services Corporation (lessee) appeals from an order confirming a referee's report which found that it was not entitled to share in the surplus moneys. By written agreement, dated January 27, 1969, E. G. & B., Inc. (lessor), leased a parking lot to lessee's predecessor for a period of 10 years to commence on February 1, 1969 or as soon thereafter as lessor obtained possession of the leased premises. On February 19, 1969 plaintiff conveyed the premises to the lessor and took back a purchase-money mortgage. Thereafter the lessee commenced operation of the parking lot. Upon the lessor's failure to pay real property taxes, plaintiff foreclosed on the mortgage and the surplus moneys result from the foreclosure sale. The lessee asserts that its claim is next in priority after satisfaction of plaintiff's mortgage, and its notice of claim states that its claim arises from its tenancy under the lease. While the lessee asserts a breach of a covenant of quiet enjoyment as a basis for its right to share in the surplus moneys, paragraph 6 of the lease, which was drafted by the lessee, provides, *inter alia:* "Lessee further covenants and agrees that upon termination of this lease, in any way, whether by lapse of time or otherwise, all interests of Lessee and of anyone claiming by, through or under it, shall revert to Lessor without any compensation being allowed or paid therefor." Although the language appears to be clear and unequivocal, to the extent that the lessee claims that the only interests to "revert to Lessor" are those in the property and not "any personal rights or claims the Lessee might have", we nonetheless must resolve any ambiguity against the party which drafted the language *(Matter of Goldfield Corp. v General Host Corp.,* 29 NY2d 264, 272; *Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342; *Hodom v Stearns,* 32 AD2d 234). The lessee's claim for compensation derives from its tenancy under the lease, and by express covenant in the lease its interests have reverted to the lessor. It has effectively waived any claim it may have had for compensation and is not entitled to share in the surplus moneys. In the view thus taken, there is no need to decide any other issue raised on this

appeal. (Appeal from order of Erie Supreme Court—confirm referee's report.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.