■ KATZ AGENCY, INC., Appellant, v HEFTEL BROADCASTING CORPORATION, Respondent.—Order of the Supreme Court, New York County, entered in the office of the clerk on August 25, 1976, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and summary judgment granted to plaintiff, with $60 costs and disbursements to appellant. The accuracy of the sum claimed by plaintiff is not in dispute. In any event plaintiff has established the correctness of the amount beyond question. The record established receipt of an account stated by defendant without complaint, acknowledgments of the indebtedness, a promise to arrange a payment schedule and an actual payment of part of the total indebtedness. Defendant contends plaintiff is not entitled to its commissions because

defendant has "reason to believe" plaintiff did not fully perform his obligations under the contract between the parties. This assertion rests on nothing more than a statement that during the period for which commissions are claimed plaintiff represented a competitor of defendant and that defendant's business suffered as a result. The claim of defendant is conclusory, resting solely upon conjecture and surmise. Defendant did not meet its burden to produce evidentiary facts showing a nexus between the activities of plaintiff for defendant's competitor during the period in question and the alleged decline in defendant's business. Accordingly, no triable issue of fact is presented (*Shapiro v Health Ins. Plan,* 7 NY2d 56; *Golding v Weissman,* 35 AD2d 941). There is no merit to defendant's claim that plaintiff failed to establish that as a matter of law the court had personal jurisdiction over defendant. The evidence is clearly sufficient to satisfy CPLR 301 and 302. Defendant is doing business in New York through its present agent, who has an office here (CPLR 301; see *Frummer v Hilton Hotels Int.,* 19 NY2d 533, cert den 389 US 923). Furthermore, defendant engaged in "purposeful activity" in New York, inasmuch as the contract was negotiated in New York and there were numerous visits of defendant's officers to New York to supervise performance (CPLR 302 Subd [a], par 1; *Atlantic Metal Prods. v Blake Constr. Co.,* 40 AD2d 966; *American Broadcasting Cos. v Hernreich,* 40 AD2d 800; *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 456–458). Settle order on notice. Concur—Lupiano, J. P., Birns, Capozzoli and Markewich, JJ.