**PETERS GRIFFIN WOODWARD, INC., Plaintiff,**

**v.**

**ROADRUNNER TELEVISION LIMITED PARTNERSHIP, Defendant.**

No. 82 Civ. 1485 (KTD).

United States District Court, S. D. New York.

Aug. 3, 1982.

Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff; Michael H. Diamond, Philip M. Cedar, Donald L. Shuck, Jr., New York City, of counsel.

Newman, Tannenbaum, Helpern & Hirschtritt, New York City, for defendant; Robert L. Ellis, Vincent J. Syracuse, Gene Kleinhendler, New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge:

In this diversity action Peters Griffin Woodward, Inc. ("PGW") sues Roadrunner Television Limited Partnership ("Roadrunner") to recover allegedly overdue and unpaid advertising sales commissions incurred by Roadrunner for the services of PGW. The alleged commissions total $54,705.18, less accrued interest. Plaintiff, a Delaware corporation with offices in numerous cities throughout the country, maintains its principal place of business in New York. Defendant is an Arizona limited partnership which operates television station KZAZ–TV in Tuscon, Arizona. Defendant now moves to dismiss the complaint pursuant to Rules 12b(2) and (3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer the case, pursuant to 28 U.S.C. § 1404(a)[1] to the District Court in Arizona.

## BACKGROUND

This case arises out of a contract signed between the parties on December 5, 1979 whereby Roadrunner granted PGW exclusive rights to promote the national sale of advertising time on defendant's station KZAZ–TV. Pursuant to their agreement, PGW would seek advertisers throughout the United States, but was precluded from generating any advertising revenue within Roadrunner's home state of Arizona. In satisfaction of the contract, PGW also developed and executed a marketing and sales strategy, created and implemented an advertising rate structure, and contacted KZAZ's delinquent advertising accounts to ascertain the reason for the delinquencies. Affidavit of Dennis K. Gillespie, ¶ 6. In return for these services, PGW would receive a percentage commission of the net national television time sales billed to advertisers by Roadrunner. To calculate the commissions owed, Roadrunner was required to submit to PGW monthly commission reports setting forth the total advertising billing for each month.

Apparently, performance under the contract was satisfactory until July 1, 1981 when PGW informed Roadrunner by letter of its decision to consolidate its sales efforts and to serve a limited number of clients. Defendant's Exhibit B. Defendant argues that this new policy, which allegedly resulted in a drastic cut back in PGW's national offices and staff and a corresponding decrease in its national advertising revenue, constituted a breach of its contractual obligations. In August, 1982, Seltel, Inc. ("Seltel"), pursuant to a negotiated buy-out agreement, succeeded PGW as Roadrunner's national advertising sales representative. Seltel, like PGW, is a national advertising sales representative located in New York. The buy-out agreement acknowledged PGW's right to continue to collect commissions generated prior to July 26, 1981. Affidavit of Dennis K. Gillespie, Exhibit A. This lawsuit revolves around the defendant's alleged failure to pay PGW commissions accrued from February, 1981 through July 26, 1981. Roadrunner asserts in response to PGW's complaint that this court lacks *in personam* jurisdiction and that the Southern District of New York is an inconvenient forum.

## DISCUSSION

### A. *Personal Jurisdiction*

In a diversity case a federal court looks to the law of the forum state to determine whether the court may assert jurisdiction over a non-domiciliary. *Jayne v. Royal Jordanian Airlines Corp.*, 502 F.Supp. 848 (S.D.N.Y.1980). To be a defendant in this court a non-domiciliary must be subject to service of process under the laws of New York, and the exercise of jurisdiction must be consistent with due process. *Intermeat, Inc. v. American Poultry, Inc.*, 575 F.2d 1017 (2d Cir. 1978). Accordingly, the issue of whether defendant Roadrunner is subject to *in personam* juris-

1. 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

diction must be determined in accordance with Sections 301[2] and 302[3] of the New York Civil Practice Law and Rules.[4] Each of these sections will be examined separately to determine if they provide a basis for jurisdiction in this action.

### 1. Section 301

■ Section 301 bases jurisdiction on traditional notions of presence or consent. A corporation which avails itself of the benefits and protections of the laws of a state by transacting enough business within a state's boundary to be considered to be "doing business" there is subject to suit in that forum. *Frummer v. Hilton Hotels Intl., Inc.,* 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967); *see also Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Yet, a sufficient predicate for jurisdiction is only established under Section 301 where the foreign corporation transacts business in the state with a fair amount of permanence, regularity or continuity. *See Bryant v. Finnish Nat. Airlines,* 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965); *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 115 N.E. 915 (1917). Plaintiff claims that Roadrunner's activities in New York properly subject the defendant to Section 301 jurisdiction.

■ Plaintiff argues that a foreign corporation which employs a New York sales representative to solicit and service New York accounts is conducting systematic and continuous business within the meaning of Section 301. *Laufer v. Ostrow,* 55 N.Y.2d 305, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982); *Katz Agency, Inc. v. Evening News Association,* 514 F.Supp. 423 (S.D.N.Y.1981); *see Katz Agency, Inc. v. Heftel Broadcasting Corp.,* 56 A.D.2d 758, 392 N.Y. S.2d 39 (1st Dep't 1977). Foreign corporations whose exclusive business involves the systematic and continuous solicitation and servicing of New York accounts through sales representatives in New York is clearly doing business within this state. *Laufer,* 55 N.Y.2d at 311, 449 N.Y.S.2d at 459, 434 N.E.2d at 695. The mere solicitation of business, however, is not sufficient to establish personal jurisdiction in any given forum. Because Roadrunner's business is not limited solely to the solicitation of business in New York, the plaintiff must show that the defendant has engaged in activities exceeding mere solicitation in order to invoke Section 301.

In *Evening News, supra,* the court was presented with a plaintiff national advertising sales representative, incorporated in Delaware and conducting its principal business in New York and a defendant television station and its parent corporation, both non-domiciliaries. Similar to the instant case, after the premature termination of their agreement, the plaintiff in *Evening News* was replaced by another New York based sales representative. Subsequently, the plaintiff filed suit and the defendants

---

2. C.P.L.R. § 301 provides:

   A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore.

3. C.P.L.R. § 302 provides in pertinent part:

   As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:
   1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

   .    .    .    .    .

   3. commits a tortious act without the state causing injury to person or property within the state, . . .
   (i) regularly does or solicits business, or engages in any other persistent course of con-

duct, or derives substantial revenue from goods used or consumed or services rendered in the state, or
   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

4. New York provides for service of process on a nondomiciliary in the same manner as process may be served upon a domiciliary. C.P.L.R. § 313 specifically permits the courts of the State of New York to obtain this service of process by asserting jurisdiction pursuant to C.P.L.R. sections 301 and 302. Therefore, the determination of whether the defendant is subject to service of process under the laws of New York must be based upon an analysis of §§ 301 and 302.

moved to dismiss for lack of personal jurisdiction. Plaintiff's exercise of jurisdiction was upheld. The district court concluded that the activities of defendants' former and current New York advertising representatives, coupled with periodic visits to New York by employees of the television station constituted corporate presence within the meaning of Section 301. The court found the following factors particularly telling: (1) one-third of the defendants' national advertising revenue resulted from the plaintiff's efforts; (2) plaintiff was required to help the defendants procure funds from delinquent accounts; (3) defendants empowered the plaintiff to collect and bill for all its solicited advertising; (4) close contact between the plaintiff and defendant on the development of marketing strategies, rate structures and sales techniques; (5) employees of the defendants made periodic visits to New York arranged by the plaintiff to promote the defendants' business; and (6) plaintiff's replacement continued to provide these same services for the defendants. 514 F.Supp. at 427–28.

PGW asserts that all these factors are present here and support a finding of personal jurisdiction. Defendant argues in opposition to plaintiff's contention that New York provides only a small percentage of its advertising sales revenue (25–30%); that the power to collect from delinquent accounts, present in *Evening News*, is absent here; that the joint development of a marketing strategy and sales strategy and techniques did not take place in New York, and that Roadrunner's employees visited PGW's New York offices infrequently and only on a social basis. Finally, although this distinction from *Evening News* was not specifically raised, it is unclear whether Seltel is presently conducting the same type of activities within New York that PGW claims it conducted on behalf of Roadrunner.

The facts outlining the defendant's contacts with New York State are gleaned solely from the parties' affidavits. Unfortunately, these affidavits contain factual assertions that are unsupported by any objective evidence and present contradictory facts. For instance, the plaintiff points to the numerous business trips it arranged for defendant to visit its offices as evidence of a New York jurisdictional presence while on the other hand the defendant totally denies even the existence of these business trips. In addition, plaintiff contends that the contract was negotiated and signed in New York while defendant adamantly disagrees, insisting that the contract was negotiated and signed in Arizona. A resolution of the factual issues raised by the parties' affidavits requires an assessment of the credibility of the affidavits which cannot be made on the papers alone. A hearing will therefore be required. Accordingly, the motion to dismiss for lack of personal jurisdiction is referred to Magistrate Sinclair to conduct a hearing and to report and recommend a ruling thereon. The inability of the parties to agree on the basic jurisdictional facts leaves me with the distasteful impression that perjury lurks behind the sworn affidavits. I hope that the hearing will alleviate my concerns but a representative of the United States Attorney's office will be invited to attend the hearing.

2. Section 302.

Section 302 allows the courts of New York to assert jurisdiction over a non-domiciliary who transacts business in the state, even where the non-domiciliary is not present in the state, provided that the cause of action arises from the defendant's in-state activity. *E.g., Fontanetta v. American Board of Internal Medicine*, 421 F.2d 355, 357 (2d Cir. 1970). Plaintiff argues that the negotiations and signing of the contract in New York constitutes the requisite in-state activity to bring defendant within the purview of Section 302. Plaintiff also asserts that even if the contract was not signed in New York, defendant is still subject to suit pursuant to Section 302 because of the numerous activities it conducted in this forum. Again, the fundamental facts necessary for this determination are controverted. Therefore, the defendant's amenability to Section 302 jurisdiction must await the hearing before Magistrate Sinclair.

292

## B. *Venue*

Defendant moves in the alternative that even if personal jurisdiction exists, the venue in the Southern District of New York is improper and the action should either be dismissed on this ground or transferred to the District of Arizona. A decision on the underlying jurisdictional issue must preface any transfer motion. Accordingly, resolution of this motion is reserved until the jurisdictional questions are answered.

## CONCLUSION

The parties' failure to agree on the elementary facts or to present objective evidence in support of their contentions has prolonged this litigation unnecessarily. Decisions on the motions to dismiss or transfer due to improper venue are reserved until after Magistrate Sinclair renders his report and recommendation.

SO ORDERED.