UNITED STATES THEATRE
CORPORATION,
Plaintiff,

v.

GUNWYN/LANSBURGH LIMITED
PARTNERSHIP, Defendant.

GUNWYN/LANSBURGH LIMITED
PARTNERSHIP, Third Party
Plaintiff,

v.

SCHNABEL FOUNDATION COMPANY
and Liberty Mutual Insurance Com-
pany, Third Party Defendants.

No. 92 Civ. 4333 (KC).

United States District Court,
S.D. New York.

June 25, 1993.

Edward J. Schwarz, New York City, for plaintiff.

Lewis I. Wolf, Daniel Dietchweiler, Smith, Mazure, Director & Wilkins, P.C., Timothy E. Gillane, Callahan, Schepp, Yuhas, Adams & Carfora, New York City, for defendant.

## ORDER

CONBOY, District Judge:

The defendant, Gunwyn/Lansburgh Limited Partnership ("Gunwyn"), a Massachusetts corporation, owns the Lansburgh building in Washington, D.C., which is adjacent to the Kinney Shoe Building owned by the plaintiff, United States Theatre Corporation ("Theatre"). Early in 1989, Gunwyn applied to the District of Columbia for certain permits for the demolition of portions of the former Lansburgh Department store premises. Gunwyn informed Theatre, through its managing agent Marx Realty, of the requirement of Title 5A–1 Section 721.0–Underpinning of the Washington, D.C. Building Code, that buildings adjacent to those undergoing this type of work be underpinned in order to secure the structures from any changes resulting from lateral pressure. After several communications between the two companies,[1] the proposed work began. Sometime in mid–1989, however, two cracks in the "party wall" shared by both buildings were revealed. To recover for the damage to its building, Theatre now sues Gunwyn for negligence, strict liability, breach of promise, and breach of duty under the Washington, D.C. building code. In response, Gunwyn has made a motion to dismiss for lack of personal jurisdiction under Federal Rule 12(b)(2). For the reasons that follow, we grant this motion.

### Discussion

■ A Federal court sitting in diversity must apply the jurisdiction provisions of the state in which it sits. *See Savin v. Ranier,* 898 F.2d 304, 306 (2d Cir.1990), *citing Arrowsmith v. United Press International,* 320 F.2d 219, 222–225 (2d Cir.1963) (en banc). In this case, we must apply New York CPLR § 302. In order to establish jurisdiction under this statute, absent an evidentiary hear-

ing, the plaintiff must present a prima facie case establishing jurisdiction. In determining whether this standard has been met for the purposes of this motion, the court will construe all pleadings and affidavits in the light most favorable to the plaintiff. *See Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985).

Under NY CPLR § 302(a)(1),[2] jurisdiction is proper when the defendant has transacted business within the forum and when the cause of action sued upon arises from these transactions. *See McGowan v. Smith,* 52 N.Y.2d 268, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 323 (Ct.App.1981). Plaintiff asserts that based upon Gunwyn's letters, phone calls, and one visit to Theatre in New York, Gunwyn has transacted business within the meaning of the statute. Plaintiff also argues for jurisdiction on the grounds that the correspondence between Theatre and Gunwyn constitutes a contract to supply goods or services within New York. In response, defendant argues that assertion of jurisdiction would be improper because Gunwyn did not maintain an office in New York, did not possess any assets in New York, did not derive any revenue from New York, and did not enter into a contract in New York.

■ Transacting business under the New York long-arm statute has been interpreted to require a certain quality, rather than a specific quantity, of contacts with the forum. Telephone and mail contacts only provide a basis for jurisdiction when the defendant "projected himself into New York in such a manner that he 'purposefully availed himself ... of the benefits and protections of its laws.'" *Parke–Bernet Galleries v. Franklyn,* 26 N.Y.2d 13, 308 N.Y.S.2d 337, 340–41, 256 N.E.2d 506, 508–09 (1970),

---

1. There is some dispute between the parties as to the nature of these communications. Although Theatre requested that it become a co-party to Gunwyn's insurance policy, it is unclear whether this in fact occurred. *See* Exhibit E attached to Affidavits of Edward J. Schwarz and Alvin S. Cuttler (insurance certificate states that it "is issued as a matter of information only").

2. § 302. **Personal jurisdiction by acts of non-domiciliaries**

(a) **Acts which are the basis of jurisdiction.** As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state ...

*quoting Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Whether or not the contacts are of the appropriate nature must be determined by an analysis of the totality of the circumstances. *See Sterling National Bank v. Fidelity Mortgage,* 510 F.2d 870, 873 (2d Cir. 1975); *Longines–Wittnauer Watch Co. v. Barnes & Reinecke,* 15 N.Y.2d 443, 261 N.Y.S.2d 8, 19, 209 N.E.2d 68, 76 (Ct.App.), *cert. denied,* 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965). Under certain circumstances, a single phone call to the forum is enough to sustain jurisdiction,[3] whereas in other circumstances numerous phone calls and written correspondence are not enough to permit jurisdiction over a nondomiciliary. *See Advance Realty Association v. Krupp,* 636 F.Supp. 316, 318 (S.D.N.Y.1986) (telephone calls and mailgram to New York regarding sale of property in Chicago do not confer jurisdiction); *Lawrence Wisser and Co., Inc. v. Slender You, Inc.,* 695 F.Supp. 1560, 1562 (S.D.N.Y.1988) (80 phone calls and 30 faxes do not subject defendant to the reach of § 302(a)(1)). Likewise, interstate negotiations by telephone do not necessarily "subject the caller to the jurisdiction of the receiver." *Sayles Biltmore Bleacheries, Inc. v. Soft–Fab Textile Processors, Inc.,* 440 F.Supp. 1010, 1013 (S.D.N.Y.1977) *citing Galgay v. Bulletin Company, Inc.,* 504 F.2d 1062, 1064 (2d Cir.1974); *Concrete Detailing Services, Inc. v. Thomsson Steel Co., Inc.,* 411 F.Supp. 1021 (S.D.N.Y.1976); *Aero–Bocker Knitting Mills, Inc. v. Allied Fabrics Corporation,* 54 A.D.2d 647, 387 N.Y.S.2d 635, 636 (1st Dept.1976); *Glassman v. Hyder,* 23 N.Y.2d 354, 296 N.Y.S.2d 783, 785, 244 N.E.2d 259, 260 (1968).

■ Visits to the forum are also of variable significance for the jurisdiction analysis. Although a visit to the forum is a presumptively more significant contact than a phone call or a letter, it too must be "purposeful" in order to sustain jurisdiction. When a nonresident defendant's visit to the forum allows him to purposefully avail himself of the benefits and protection of the forum's laws, one visit can be enough to sustain jurisdiction. *See George Reiner & Co., Inc. v. Schwartz,* 41 N.Y.2d 648, 394 N.Y.S.2d 844, 846, 363 N.E.2d 551, 552 (Ct.App.1977) (one visit in which an employment agreement was made satisfied the requirements of the statute); *Hi Fashion Wigs, Inc. v. Peter Hammond Advertising, Inc.,* 32 N.Y.2d 583, 347 N.Y.S.2d 47, 49, 300 N.E.2d 421, 422 (Ct.App.1973) (defendant's single visit to personally guarantee a contract was enough to sustain jurisdiction). When the visit, however, is not for the purpose of initiating or forming a relationship, but is to alleviate problems under a pre-existing relationship, New York courts have declined to assert jurisdiction. *See McKee Electric Co. v. Rauland–Borg Corporation,* 20 N.Y.2d 377, 283 N.Y.S.2d 34, 36, 229 N.E.2d 604, 606 (Ct.App.1967) (a few visits to New York by agent of defendant to discuss problems of representation agreement do not sustain jurisdiction); *Concrete Detailing Services, Inc.,* 411 F.Supp. at 1023 (one visit to New York by an officer of the defendant to discuss the general course of performance of a contract is not enough to assert jurisdiction); *Sayles Biltmore Bleacheries, Inc.,* 440 F.Supp. at 1013 (one "trouble-shooting" meeting in the forum does not amount to a transaction of business for the purpose of § 302(a)(1)); *PaineWebber, Inc. v. Westgate Group, Inc.,* 748 F.Supp. 115, 119–120 (S.D.N.Y.1990) (meeting in New York to modify purchase agreement does not create jurisdiction).

■ While the quantity of Gunwyn's communications with Theatre in New York is substantial,[4] it is not of the requisite nature. Gunwyn did not intend to do business in New York. Rather, it communicated with a New York corporation in order to proceed with the demolition of its property in Washington D.C. The "center of gravity" of the transaction, therefore, is the work in progress in Washington D.C., not a business relationship formed in New York. *See Wilhelmshaven Acquisition Corporation v. Asher,* 810 F.Supp. 108, 113 (S.D.N.Y.1993) (because the

---

3. *See Parke–Bernet Galleries v. Franklyn,* 26 N.Y.2d 13, 308 N.Y.S.2d 337, 340, 256 N.E.2d 506, 508 (1970) (non-resident defendant called in a bid to a New York auction, thereby projecting himself into the forum).

4. Gunwyn sent about 70 letters and made about 50 phone calls to Theatre's managing agent, Marx Realty, in New York. *See* Affidavit of Edward J. Schwarz at 6.

"center of gravity" of the transaction was an oil refinery in Germany, negotiations in New York could not sustain jurisdiction there). In this respect, the facts of this case are very similar to the facts of *Concrete Detailing Services, Inc. v. Thomsson Steel Co., Inc.*, 411 F.Supp. 1021 (S.D.N.Y.1976), in which a Maryland corporation had contracted with a New York corporation for drawings, plans, and blueprints necessary for the performance of a subcontract on a construction project in Washington, D.C. In that case, the court declined to assert jurisdiction on the ground that the defendant's contacts with the forum were too minimal. *Id.* at 1023. Additionally, in *Pryor, Cashman, Sherman and Flynn v. Haisfield*, 1990 WL 165687 (S.D.N.Y.), the Court, confronting a factual pattern similar to the one at hand, held that numerous telephone calls and correspondence combined with two meetings in New York are not enough contacts when the defendant "did not seek out a New York forum" and when the focus of the relationship "was to have no connection with New York." *Id.* at 2. (defendant approached New York law firm for proposed public offering of his Florida real estate holdings). In our case as well, the defendant did not seek out a New York forum, and the focus of its relationship with the plaintiff is centered outside of New York.

The plaintiff's complaint further demonstrates that the focus of this conflict is not an agreement reached in New York, but the construction performed in Washington, D.C. Five of the plaintiff's six causes of action allege torts committed by the defendant in Washington, D.C., while only one asserts a breach of promise. Even the promise referred to in the complaint is one that is to be performed in Washington, D.C. Therefore, because Gunwyn's contacts with the forum are not of a sufficiently "purposeful" character and because the "center of gravity" of the dispute is in Washington, D.C., we grant defendant's motion to dismiss for lack of personal jurisdiction.

**5.** § 302(a)(3) allows for jurisdiction over a nonresident when the defendant "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any persistent course of conduct, or

Although Theatre has requested limited discovery with respect to basing jurisdiction on New York CPLR § 302(a)(3)(i) and (ii),[5] it has not provided any additional facts to indicate that jurisdiction might be appropriate on these grounds. Therefore, its motion for discovery is denied. The Court observes that the focus of this litigation is in Washington, D.C., and even if jurisdiction in New York were proper, the interests of justice would require a transfer of venue.

### Conclusion

Defendant's motion to dismiss for lack of personal jurisdiction is therefore granted, and plaintiff's request for limited discovery is denied. Accordingly, it is unnecessary to rule on the arguments of improper service and improper venue presented in defendant's motion to dismiss. We also do not rule on whether this Court has jurisdiction over the third-party defendant, Schnabel Foundation Company, as the impleader is dependent upon jurisdiction over Gunwyn.

SO ORDERED.

derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce ..."