■ SHELDON ESTATES, INC., Respondent, v PERKINS PANCAKE HOUSE, INC., Appellant.—In an action upon an instrument for the payment of a sum of money only, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County, dated February 24, 1975, as denied its cross motion to dismiss the action on the ground of lack of personal jurisdiction. Order reversed insofar as appealed from, with $20 costs and disbursements, and cross motion granted. Defendant, Perkins

Pancake House, Inc. (PPHI), is a corporation organized under the laws of Ohio. Its principal place of business is located in Strongsville, Ohio. PPHI is the exclusive sales agent of the Pancake House, Inc. (Pancake House), another Ohio corporation, whose principal office is in Cincinnati, Ohio. Pancake House, through its agent PPHI, is the franchisor under a number of agreements with corporations and individuals operating Perkins Pancake House franchises in the Middle Atlantic states. Neither of the above-mentioned corporations is authorized to do business in New York. Moreover, defendant has no offices, telephone listing, bank account or employees within the State. However, James Mulcahy, a franchisee who operates a Perkins Pancake House in Binghamton, New York, is the "eastern representative" of PPHI and, pursuant to leads supplied to him, contacts prospective franchisees, investigates and advises PPHI as to the feasibility of certain sites, occasionally aids in the location of sites, and acts as a consultant to existing franchisees. Mulcahy is not an officer or director of Pancake House or PPHI; nor does he receive any salary from either of these corporations. In all of his activities as agent, he has no power to enter into any contracts which would bind PPHI. As compensation for his services he receives commissions and overrides, the total sum of which amounted to $326.72 for the years 1968 to 1971. The subject of the present litigation involves a promissory note executed in connection with the purchase of a franchise in Wayne, New Jersey. It is uncontroverted that all relevant documents were executed outside of New York. Plaintiff corporation, through a number of assignments and sales, is the current holder of the note. The original makers have defaulted and plaintiff seeks to hold PPHI as a guarantor or endorser. Service of the summons and notice of motion for summary judgment in lieu of the complaint was made upon Mulcahy in Binghamton, New York. Upon the whole record, we conclude that jurisdiction over defendant was not perfected. Since the cause of action did not arise out of defendant's activities within the State, jurisdiction may not be predicated upon any of the provisions found in CPLR 302. If jurisdiction over PPHI is to be upheld, it must be justified under the traditional "doing business" concept encompassed by CPLR 301. The general rule is that "a foreign corporation is amenable to suit in our courts if it is engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in this jurisdiction" (*Delgai v Volkswagenwerk AG of Wolfsburg, Germany,* 29 NY2d 426, 430–431). Of course, the test is not satisfied by a showing that the corporation has merely solicited business within this State (see *Miller v Surf Props.,* 4 NY2d 475). To a large extent, plaintiff relies on the activities conducted within this State by Mulcahy to show that defendant is engaged in more than mere solicitation. We believe that Mulcahy's acts as agent for defendant were not of such a degree or kind as to justify a finding that defendant is "present" for the purposes of jurisdiction. In reality, he was only a sales representative whose primary function was to solicit business. Mulcahy possessed no authority to bind either PPHI or Pancake House by any of his activities. All of his acts as agent were subject to corporate approval. Moreover, in view of the nominal compensation paid to Mulcahy, it may be fairly assumed that he did not devote a major portion of his time to promoting defendant's business interests. Additionally, it should be noted that part of this miniscule amount is attributable to the services performed by him outside of New York. Nor is plaintiff's argument strengthened by the fact that this agent occasionally aided prospective purchasers in the location of a site and occasionally consulted with existing franchise owners. Such activity is merely incidental

to, and aids in, the solicitation of business. The same is true of defendant's limited distribution in this State of advertising and promotional material (see *Delagi v Volkswagenwerk AG of Wolfsburg, Germany, supra*, p 432; cf. *Del Bello v Japanese Steak House*, 43 AD2d 455). Rabin, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur.