■ J. E. T. ADVERTISING ASSOCIATES, INC., Respondent, v LAWN KING, INC., Appellant. — In an action to recover damages for breach of contract, defendant appeals from an order of the Supreme Court, Nassau County (Vitale, J.), dated October 7, 1980, which denied its motion to dismiss the complaint for lack of personal jurisdiction. Order reversed, on the law, with $50 costs and disbursements, and defendant's motion to dismiss is granted. Defendant, Lawn King, Inc., a New Jersey corporation, is in the business of providing lawn care services through a system of franchised dealerships, including a number of franchises in New York. Plaintiff, J. E. T. Advertising Associates, Inc., commenced this action to recover damages for breach of a contract concerning the creation and placement of advertising to promote Lawn King's services. Special Term upheld jurisdiction over the defendant, relying on defendant's local telephone number. The presence of a foreign corporation depends on a continuous and systematic course of doing business (see *Frummer v Hilton Hotels Int.,* 19 NY2d 533). Maintaining a direct telephone line (through a remote forwarding system) to defendant's office in New Jersey is an insufficient basis to constitute doing business in this State (see *Ziperman v Frontier Hotel of Las Vegas,* 50 AD2d 581; *Carbone v Fort Erie Jockey Club,* 47 AD2d 337; *Meunier v Stebo, Inc.,* 38 AD2d 590; *Greenberg v R.S.P. Realty Corp.,* 22

AD2d 690). Furthermore, the activities of individuals operating Lawn King franchises cannot be attributed to the defendant (see *Sheldon Estates v Perkins Pancake House,* 48 AD2d 936). Nor does the control exercised over the franchisees by the defendant, in terms of supply specifications, etc., warrant a finding that the franchisees are agents or employees of defendant (see, e.g., *Delagi v Volkswagenwerk AG. of Wolfsburg, Germany,* 29 NY2d 426). In addition, plaintiff's own activities in New York, on behalf of defendant, cannot be relied on to establish the presence of the defendant in this State (see *Haar v Armendaris Corp.,* 31 NY2d 1040; *Glassman v Hyder,* 23 NY2d 354). Hence, CPLR 301 cannot serve as a predicate for jurisdiction over the defendant. Plaintiff also relies on CPLR 302 (subd [a], par 1), alleging that defendant was transacting business in New York. An exercise of jurisdiction under this section turns on an assessment of the purposeful activities of the defendant within New York in relation to the transaction (see *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443). Here, there was no purposeful activity undertaken in New York by Lawn King which is connected with the matter in suit. The contract was negotiated by telephone or mail, and no meetings were held in New York. All of the New York activities relating to the contract were performed by plaintiff and cannot be attributed to the defendant (see, e.g., *Marketing Showcase v Alberto-Culver Co.,* 445 F Supp 755). Nor is the basis, "contracts anywhere to supply goods or services in the state", available in the instant situation (see CPLR 302, subd [a], par 1). Simply put, Lawn King has neither contracted (1) to perform services in New York, nor (2) to ship goods in New York (relating to the matter in the instant suit). Any services or goods which defendant supplies to its New York franchisees are ineffective to sustain jurisdiction, since plaintiff's action does not arise out of these franchise agreements. Lazer, J. P., Rabin, Cohalan and Bracken, JJ., concur.