PACAMOR BEARINGS, INC., Respondent, v MOLON MOTORS & COIL, INC., Appellant.

Third Department, June 28, 1984

APPEARANCES OF COUNSEL

*Philip I. Beane* (*John Leonardson* of counsel), for appellant.

*Tate, Bishko & Ruthman* (*Peter Bishko* of counsel), for respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

Defendant is an Illinois corporation not licensed to do business in New York; it maintains no office, telephone or bank account in New York, and owns no property in this State. Plaintiff, a New York corporation engaged in the manufacture of custom-made ball bearings, secured an order from defendant for 250,000 ball bearings; the purchase price totaled $182,500. A purchase order form evidencing this agreement was mailed by defendant to plaintiff on February 23, 1979. The latter dispatched a sales order form, the reverse side of which recited 15 terms of

sale. The second numbered term declared that the buyer "CONSENTS to jurisdiction of the courts in the State of New York as to any action or proceeding arising out of this agreement".

After receiving and paying for 46,123 units, defendant, alleging noncompliance, canceled the contract and plaintiff responded by bringing this suit for breach of contract. The sole issue is whether defendant is subject to the jurisdiction of New York's courts by virtue of either CPLR 301, 302 (subd [a], par 1) or the second numbered condition appearing on plaintiff's order form. Special Term denied defendant's motion to dismiss the complaint for lack of jurisdiction on the ground that defendant was subject to personal jurisdiction in New York under CPLR 302. This appeal by defendant ensued.

To be amenable to jurisdiction under CPLR 302 (subd [a], par 1), plaintiff's cause of action must arise out of the transaction of any business within the State. Under this provision, it is the activities of defendant with respect to the specific contract at issue which determine whether defendant is subject to jurisdiction. The fact that plaintiff is a New York seller, and defendant a foreign buyer who sends an order to plaintiff by mail without more, does not expose defendant to long-arm jurisdiction under this provision (see Siegel, NY Prac, § 86, p 99, and cases cited therein). No negotiations took place in New York and the parties' business relationship was not developed here; and although trips to New York were made by defendant's sales personnel unrelated to facilitating this particular contract, this does not constitute a sufficient transaction of business in the State to satisfy CPLR 302 (subd [a], par 1) (see *Harry Winston, Inc. v Waldfogel,* 292 F Supp 473, 477; *McKee Elec. Co. v Rauland-Borg Corp.,* 20 NY2d 377).

Nor do we find defendant "doing business" in the State within the meaning of CPLR 301. Admittedly, defendant solicited unrelated accounts in New York through two independent companies who called on New York accounts and forwarded resulting purchase applications to defendant in Illinois. However, these companies were not employees or agents of defendant, but independent contractors; they had neither the ability to confirm an order nor

was there any parent-subsidiary control exercised by defendant over them (see *Gelfand v Tanner Motor Tours,* 385 F2d 116, 121, cert den 390 US 996; *Laufer v Ostrow,* 55 NY2d 305, 311).

To invoke jurisdiction over a foreign corporation pursuant to CPLR 301, the corporation must have engaged in more than merely soliciting business. Substantial solicitation plus evidence of the foreign corporation's "financial or commercial dealings in New York * * * or the defendant's holding himself out as operating in New York" will suffice to subject the defendant to the courts' jurisdiction (*Aquascutum of London v S. S. American Champion,* 426 F2d 205, 211, 212), but here the necessary additional evidence is lacking. Inasmuch as defendant's gross sales approximated $17,000,000 and 10% to 13% thereof were made to New York buyers, defendant was arguably engaging in substantial solicitation (compare *Andrulonis v United States,* 526 F Supp 183, 185, with *Dunn v Southern Charters,* 506 F Supp 564). The fact that its sales directors and managers made trips to New York and defendant lent heavy engineering support to one New York buyer does not, however, measure up to the requisite "plus". There were eight trips to New York by the sales managers over a period of 15 months, and during a 20-month period, the sales directors visited New York nine times. In addition, for an undefined period prior to those indicated above, a sales manager visited New York 15 times and a sales director visited twice.

The somewhat vague purpose of these trips was to see if any problems existed. There is no evidence that the trips were designed to stimulate other sales. Though the evidence as to what actually transpired on these trips is indeed sparse, what is known is that they were made to meet with multinational companies, who happen to have offices in New York, in relation to their business all over the world and not to their activities in New York State in the main. Unlike *Laufer v Ostrow* (*supra*), there is no showing that any financial or commercial dealing occurred during those visits (see *Meunier v Stebo, Inc.,* 38 AD2d 590; *McNellis v American Box Bd. Co.,* 53 Misc 2d 479). In short, the aggregate of defendant's activities in New York are not

such as to warrant a finding that it is "present" in this jurisdiction; a contrary conclusion would be incompatible with "our traditional conception of fair play and substantial justice" (*International Shoe Co. v Washington,* 326 US 310, 320).

Plaintiff's final argument that defendant is bound to submit to New York courts because it never objected to the second numbered term of sale in plaintiff's sales order is not at all convincing. Section 2-207 (subd [2], par [b]) of the Uniform Commercial Code provides that as between merchants, unless explicitly agreed to, additional terms in an acceptance or confirmation will not become part of the agreement between the parties if the term materially alters the agreement. Since the condition specifying New York jurisdiction materially alters the parties' agreement and was not consented to by defendant, it is not binding upon defendant (*General Instrument Corp. v Tie Mfg.,* 517 F Supp 1231; *Matter of Marlene Inds. Corp.* [*Carnac Textiles*], 45 NY2d 327).

The order should be reversed, on the law, with costs, the motion granted and the complaint dismissed.

KANE, J. P., MAIN, MIKOLL and HARVEY, JJ., concur.

Order reversed, on the law, with costs, motion granted and complaint dismissed.