■ RICHARD GRINELL, Appellant, v BANKERS TRUST Co. et al., Respondents-Appellants, and NAC AGENCY INC., Respondent. —Order, Supreme Court, New York County (Alfred M. Ascione, J.), entered February 23, 1987, which, inter alia, granted the motions by defendants the American Podiatric Medical Association (APMA, sued herein as the American Podiatry Association) and Bankers Trust Co. (Bankers) to dismiss the complaint, with prejudice, pursuant to CPLR 3211 (a) (5), (7) for failure to state a cause of action and as barred by the applicable Statute of Limitations; denied APMA's motion to dismiss the complaint for lack of personal jurisdiction; denied plaintiff's cross motion to amend the complaint to join additional party plaintiffs and to forego proceeding as a class action; and which dismissed, without prejudice, Bankers'

cross claim against APMA for indemnification and contribution, unanimously modified, on the law, to grant APMA's motion to dismiss the complaint for lack of personal jurisdiction and otherwise affirmed, without costs.

Insofar as our modification with respect to APMA is concerned, this action involves professional liability insurance underwritten by Bercanus Insurance Company, Ltd. (Bercanus), a Bermuda corporation, which is alleged to be insolvent. Plaintiff's complaint alleges that at some point between 1977 and 1981 a policy for professional liability insurance, underwritten by Bercanus, was issued to plaintiff, a podiatrist and a member of APMA, a District of Columbia corporation. APMA is a not-for-profit corporation organized to promote the art and science of podiatry. Its principal place of business was in the District of Columbia where all its bank accounts and corporate records were located. Other than the District of Columbia, Illinois was the only jurisdiction in which APMA qualified to do business.

Plaintiff's insurance policy with Bercanus was brokered and administered by defendant NAC Agency, Inc. (NAC) and was issued to him under a master policy held by APMA. Bankers was appointed by Bercanus as the trustee of assets deposited with it in compliance with New York Insurance Law regulations. APMA was the nominal holder of the Bercanus policy but all applications for coverage were made to NAC and it collected all premiums from APMA-insured members. APMA performed no services whatsoever for the policyholders.

On the record before us it is clear that plaintiff has not sustained his burden of demonstrating a basis for the exercise of personal jurisdiction either on the theory that APMA has been engaged in any "continuing and systematic course of conduct" or was "doing business" in New York State (see, *Pacamor Bearings v Molon Motors & Coil,* 102 AD2d 355, 356-357, *appeal withdrawn* 64 NY2d 886; *Cato Show Print. Co. v Lee,* 84 AD2d 947, *appeal dismissed* 56 NY2d 593). APMA has not appointed an agent for the receipt of service of process in New York, nor has it any officers, employees, telephone lines, real estate or other property in New York.

Nor has plaintiff shown any basis for jurisdiction under CPLR 302 (a) (1) by transacting any business within this State. True, from January 1977 until January of 1981 APMA was the named insured under the Bercanus policy, but it is clear that APMA held this master policy in a wholly passive manner, simply gratuitously as a convenience to its members such as plaintiff. APMA never solicited its members to pur-

chase insurance from Bercanus and received no income or proceeds whatever in connection with the insurance operation. The record is clear that defendant NAC was not, as plaintiff suggests, APMA's agent since they are totally independent corporate entities with no common ownership or control *(Delagi v Volkswagenwerk AG.*, 29 NY2d 426).

We have carefully reviewed the other points raised by appellant on the main appeal and find them to be without merit. Accordingly, we affirm the balance of the order. Concur —Sullivan, J. P., Ross, Asch and Wallach, JJ.