■ SPECTRA PRODUCTS, INC., Appellant, v INDIAN RIVER CITRUS SPECIALTIES, INC., Respondent.—Kane, J. P. Appeal from an order of the Supreme Court (Smyk, J.), entered August 6, 1987 in Broome County, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Claiming that defendant was in breach of an agreement between the parties, plaintiff commenced suit by service of a summons with notice upon defendant. A notice of appearance was filed on defendant's behalf by its attorney and a complaint was thereafter served on defendant's attorney. Instead of answering, defendant moved to dismiss the complaint, arguing that there was no personal jurisdiction over it. Supreme Court granted the motion and plaintiff has appealed.

Defendant based its motion on CPLR 302 (a) (1), which permits the courts of this State to exercise personal jurisdiction over a nonresident who, in person or through an agent, "transacts any business within the state or contracts anywhere to supply goods or services in the state". In this case, plaintiff is a duly licensed New York corporation with its principal place of business within the State. Defendant is a corporation organized and existing under the laws of Florida. It apparently has no New York offices, nor does it have any officers, employees, telephone lines or any real or personal property in this State. For defendant to have transacted business in this State, it must have purposefully availed itself

of the privilege of conducting activities within New York, thereby invoking the benefits and protections of the laws of this State *(see, Hanson v Denckla,* 357 US 235, 253; *McKee Elec. Co. v Rauland-Borg Corp.,* 20 NY2d 377, 382). In our view, this requirement was not satisfied in this case.

The contract between the parties has not been included in the record. However, the parties agree that the contract stipulated that for a fee, plaintiff agreed to provide for defendant inserts to certain bank mailings advertising defendant's products. Defendant is apparently a manufacturer and seller of citrus products. In support of its motion, defendant claimed that all contract negotiations were by telephone or mail and all meetings were held in Florida. It also stated that all New York activities relating to the contract were performed by plaintiff and were not attributable to defendant. Defendant also asserted that plaintiff mailed all correspondence to defendant from New York and that plaintiff's representatives went to Florida to initiate negotiations.

The burden of proving jurisdiction is on the party asserting it *(Saratoga Harness Racing Assn. v Moss,* 26 AD2d 486, 490, *affd* 20 NY2d 733) and, in the face of defendant's allegations, plaintiff was obligated to come forth with definite evidentiary facts to support the out-of-State service *(see, Lamarr v Klein,* 35 AD2d 248, 250, *affd* 30 NY2d 757). Plaintiff failed in this task. In an employee's affidavit, it is asserted that defendant called plaintiff and mailed correspondence to plaintiff as part of the negotiating process. It states that through bank mailings, it printed and distributed advertising material throughout the United States and it listed three New York banks in particular. It also claimed that as a result, many orders for defendant's products were placed by New York customers. However, these assertions are unsubstantiated and plaintiff merely stated that defendant "doubtlessly" mailed goods to purchasers in New York *(see, Schumacher v Sea Craft Indus.,* 101 AD2d 707).

This case is closely analogous to *J.E.T. Adv. Assocs. v Lawn King* (84 AD2d 744). There, the defendant hired the plaintiff to place advertisements promoting its services. There, as here, the negotiations were by phone or mail and no meetings were held in New York *(see also, Pacamor Bearings v Molon Motors & Coil,* 102 AD2d 355). Further, the Second Department concluded that "[a]ll of the New York activities * * * were performed by plaintiff and cannot be attributed to the defendant" *(J.E.T. Adv. Assocs. v Lawn King, supra,* at 745). Similarly, in this case, it cannot be said that plaintiff was acting as

defendant's agent for there was no evidence that defendant exercised any control or dominion over plaintiff's New York activities *(see, Del Bello v Japanese Steak House,* 43 AD2d 455). Therefore, we conclude that defendant was not transacting business in New York under CPLR 302 (a) (1).

Nor can it be said that defendant had contracted to supply goods or services in this State. Its activities involved only a solicitation of business. Under CPLR 302 (a) (1), it was defendant's activities with respect to the specific contract at issue that determined whether defendant was subject to jurisdiction *(see, Pacamor Bearings v Molon Motors & Coil, supra,* at 356). Any services or goods that defendant may have supplied to New York customers was ineffective to sustain jurisdiction since plaintiff's action does not arise out of these sales *(see, J.E.T. Adv. Assocs. v Lawn King, supra,* at 745; *see also, Del Bello v Japanese Steak House, supra).* Even if defendant derived commercial benefit from the contract, that is not sufficient to confer long-arm jurisdiction *(see, Ferrante Equip. Co. v Lasker-Goldman Corp.,* 26 NY2d 280, 285). Therefore, Supreme Court properly dismissed the complaint.

Order affirmed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.