■ ANITA KRAKOWER, Appellant, v BATTLES UNIVERSAL, INC., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered October 27, 1987, which granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The plaintiff, a New York resident, was injured while working at the defendant's business premises in Connecticut when a filing cabinet tipped over. She commenced this personal injury action in New York. The defendant is a New Jersey corporation, not licensed to do business in New York, which has its principal place of business in Connecticut. The defendant is engaged in the international sale of hospital supplies. After issue was joined, the defendant moved to dismiss the complaint on the ground that the court lacked jurisdiction over its person. In support of the motion Bruce A. Barth, the president of the defendant, averred that the defendant had no offices or sales personnel in New York, owned no property in New York and engaged exclusively in sales to foreign countries. The defendant's primary source of supplies in New York was the American White Cross Laboratories, from which it purchased goods representing 7.5% of its total purchases. He further claimed that the defendant did not advertise nor did it use the warehouse of American White Cross Laboratories. The defendant's only warehouse was in Connecticut.

In opposition to the motion to dismiss, the plaintiff claimed that New York has personal jurisdiction over the defendant because the defendant engaged in a systematic, regular and continuous course of activities in New York which constituted

a substantial part of its corporate business. The Supreme Court granted the motion and dismissed the complaint.

In order to invoke jurisdiction over a foreign corporation pursuant to CPLR 302 (a) (1) the plaintiff's cause of action must arise out of the transaction of any business within the State. Jurisdiction pursuant to CPLR 302 (a) (1) is not available in this case because there was no showing of an "articulable nexus" between the business transacted in New York and the cause of action sued upon *(McGowan v Smith,* 52 NY2d 268, 272; *Krajewski v Osterlund, Inc.,* 111 AD2d 905, 906).

Nor do we find that the defendant was present within the State by virtue of its "doing business" here within the meaning of cases decided pursuant to CPLR 301 *(see,* Siegel, NY Prac § 80 *et seq.)* or that a question of fact is presented on this record so as to require a hearing to resolve the matter. Contrary to the plaintiff's contention, an inference of agency cannot be sustained as the facts reveal that the defendant exercised no control over its New York supplier nor was there any evidence of common ownership *(see, Delagi v Volkswagenwerk AG,* 29 NY2d 426; *Krajewski v Osterlund, Inc., supra,* at 905; *Pacamor Bearings v Molon Motors & Coil,* 102 AD2d 355, 356-357). Nor does the record demonstrate that the defendant engaged the services of American White Cross Laboratories' employees or warehouse. The fact that the defendant at times shipped goods purchased in New York from New York ports or airports does not, without more, warrant a finding that it is present in this jurisdiction. The aggregate of the defendant's activities in New York as established in the record was not sufficient to confer jurisdiction over the defendant nor is a question of fact raised by the moving papers concerning whether the defendant does business in New York *(see, Pacamor Bearings v Molon Motors & Coil, supra,* at 355; *Ring Sales Co. v Wakefield Eng'g,* 90 AD2d 496, 497; *Cato Show Print. Co. v Lee,* 84 AD2d 947). Thus, the Supreme Court properly dismissed the action as a matter of law. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.