■ KENNETH D. HOLMES et al., Plaintiffs, and WALTER B. GILES et al., Respondents, v FIRST MERIDIAN PLANNING CORPORATION et al., Defendants, and ALLIANCE MORTGAGE COMPANY, Appellant.—Harvey, J. Appeal from that part of an order of the Supreme Court (Doran, J.), entered February 8, 1989 in Albany County, which denied defendant Alliance Mortgage Company's motion to dismiss the complaint against it for lack of personal jurisdiction.

This action alleging fraud, misrepresentation, truth-in-lending violations, breach of contract and Blue Sky violations was brought by 63 purchasers of separate, out-of-State condominiums against 15 defendants, comprised of developer/sellers, sales agents and mortgage lenders for the condominiums. The complaint essentially alleges that defendant First Meridian Planning Corporation (hereinafter First Meridian), an invest-

ment advisor, falsely represented valuations of the condominiums with regard to their potential rental or resale and falsely indicated that it would receive no commissions on its proposals. Defendant Alliance Mortgage Company (hereinafter AMC), brokers, makes loans on commercial and residential real property. AMC is a foreign corporation, not licensed to do business in this State, with its principal place of business located in Florida. AMC is alleged to have contracted with defendant Florida First Properties Corporation (hereinafter Florida First) and some of the other defendants to develop real estate sales agreements in this State for which it would extend financing for the buyers. It is further alleged that AMC authorized Florida First to engage and contract with cobrokers, including First Meridian, to sell real estate to purchasers in this State.

This appeal is concerned solely with the mortgage loans made by AMC in Florida to plaintiffs Walter B. Giles, Marion G. Giles, Robert E. Stickle and Beverly C. Stickle (hereinafter collectively referred to as plaintiffs), all New York residents. Plaintiffs essentially allege that AMC contributed to and facilitated the alleged fraud and misrepresentation of the other parties by, *inter alia,* furnishing mortgage documents to its agent in New York for easy distribution and then profiting on the interest moneys and fees from the transactions. In lieu of an answer to the complaint, AMC moved to dismiss the complaint against it for lack of personal jurisdiction and denied any contractual relationship with Florida First or First Meridian. Further, AMC denied any agency relationship with any of the defendants. Supreme Court denied AMC's motion and this appeal by AMC followed.

We affirm. In our view, Supreme Court correctly found that New York courts have long-arm jurisdiction over AMC pursuant to CPLR 302. While AMC contends that plaintiffs cannot acquire personal jurisdiction over it because it did not personally transact any business in this State *(see,* CPLR 302 [a] [1]), we are convinced, however, that First Meridian transacted business in this State and it did so as the agent of AMC. Notably, in order to determine whether personal jurisdiction can be conferred via an agency relationship, the Court of Appeals has stated that a formal agency agreement is not required *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467). However, a plaintiff must establish that the alleged agent for the defendant had: "engaged in purposeful activities in this State in relation to [its] transaction for the benefit of and with the knowledge and consent of the [out-of-State] defendants and

that [the out-of-State defendants] exercised some control over [the alleged agent] in the matter" *(supra,* at 467). *(See,* McLaughlin, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:3 [1989 Pocket Part], at 44.)

Here, plaintiffs contend that First Meridian received commissions from AMC and that it solicited business for AMC by advising plaintiffs of the availability of mortgage money through AMC and by providing plaintiffs with the appropriate mortgage documents, some of which were executed at First Meridian's Albany office. From these activities, AMC received the benefit of obtaining interest for the loans. It can be inferred that AMC had knowledge of and consented to First Meridian's services from the fact that First Meridian had the pertinent AMC mortgage documents available to it for use. Finally, it is notable that AMC, in its own affidavits, provides evidence that AMC exercised control over First Meridian by stating that AMC alone had the power to accept or reject mortgage applications processed by First Meridian.

Assuming that an agency relationship exists, AMC argues that it is not engaged in any acts which constitute the transaction of business in this State, either directly or through an agent. We disagree. For AMC "to have transacted business in this State, it [or its agent] must have purposefully availed itself of the privilege of conducting activities within New York, thereby invoking the benefits and protections of the laws of this State" *(Spectra Prods. v Indian Riv. Citrus Specialties,* 144 AD2d 832, 832-833). Aside from proving that the defendant had some "purposeful" business contact with this State, a plaintiff must establish that the defendant's "transitory business actually transacted [in this State] was sufficiently related to the subject matter of the lawsuit" to confer personal jurisdiction pursuant to CPLR 302 (a) (1) *(McGowan v Smith,* 52 NY2d 268, 273; *see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467, *supra; Pacamor Bearings v Molon Motors & Coil,* 102 AD2d 355, 356).

In our view, plaintiffs have established the requisite elements for a finding of personal jurisdiction over AMC. We conclude, first, that AMC transacted business in this State when, through First Meridian, it made loans to plaintiffs for their Florida condominiums. AMC provided plaintiffs, through its agent First Meridian, with a mortgage financing service. This was accomplished by First Meridian supplying plaintiffs with all pertinent mortgage documents in this State and by bringing about the execution of the mortgage contracts in

New York. These business activities were sufficiently purposeful to be defined as a business transaction within the meaning of CPLR 302 (a) (1) *(see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467, *supra).* Further, there is a sufficient nexus between the business transacted and plaintiffs' claims in the underlying action *(see, supra; see also, McGowan v Smith, supra,* at 272; *Pacamor Bearings v Molon Motors & Coil, supra,* at 356). Obtaining a mortgage loan was essential here to the purchase of the condominiums and this integral service was provided by AMC. Accordingly, if the allegations that the real property was overvaluated are ultimately found to be sound, then it is conceivable that AMC could be found to be involved in the fraud since knowledge of the value of property is an essential part of the mortgage business.

Our agreement with Supreme Court that personal jurisdiction over AMC pursuant to CPLR 302 (a) (1) was properly found renders it unnecessary to consider the alternate arguments advanced by plaintiffs in support of a finding of personal jurisdiction.

Order affirmed, with costs. Mahoney, P J., Casey, Weiss, Mikoll and Harvey, JJ., concur.