**WOLF–TEC, INC., Appellee,**

v.

**MILLER'S SAUSAGE COMPANY, INC., Appellant.**

No. 89–2796.

United States Court of Appeals, Eighth Circuit.

Submitted March 6, 1990.

Decided March 28, 1990.

Roger M. Hibbits, Clayton, Mo., for appellant.

Howard A. Shalowitz, Clayton, Mo., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Miller's Sausage Company, Inc. appeals from the district court's denial of its motion to quash enforcement of a default judgment obtained by Wolf–Tec, Inc. in the United States District Court for the Southern District of New York. We reverse.

Wolf–Tec, a New York corporation, filed a diversity suit in the New York district court seeking payment of a Miller's debt for food processing equipment. Miller's did not answer or otherwise appear, and the court entered a default judgment. The District Court for the Eastern District of Missouri then entered an enforcement order. Miller's sought to quash the order, claiming the default judgment was unenforceable because the New York district court lacked personal jurisdiction over Miller's, a Missouri corporation.

The long arm statutes of the state where the federal district court sits determine whether the court has jurisdiction in diversity cases. *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 225 (8th Cir.1987). New York's long arm jurisdiction does not extend to a party like Miller's whose only contact with the state is ordering goods by mail or telephone. *See Spectra Prods., Inc. v. Indian River Citrus Specialties, Inc.*, 144 A.D.2d 832, 534 N.Y.S.2d 570, 571–72 (1988). Because Wolf–Tec does not claim Miller's New York contacts were more substantial than ordering equipment from Wolf–Tec, it failed to meet its burden of establishing personal jurisdiction. *See Wines v. Lake Havasu Boat Mfg.*, 846 F.2d 40, 42 (8th Cir.1988). Further, in choosing not to appear, Miller's did not waive its right to object to the district court's jurisdiction. *See Hugel v. McNell*, 886 F.2d 1, 3 n. 3 (1st Cir.1989), *cert. denied* —— U.S. ——, 110 S.Ct. 1808, 108 L.Ed.2d 939 (1990). The district court had no jurisdiction over Miller's, and thus the judgment of the district court is unenforceable. *See id.*

Accordingly, we reverse and remand for entry of judgment granting the motion to quash.