[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS (#105)
The plaintiffs, Gorden and Diane Moore, brought this action against the defendants, Home Services Alliance (HSA), John Morken, HSA's president, HSA International, Inc. (International), and Robert Marcavage, a carpenter, seeking damages for breach of contract. The plaintiffs allege that they entered into an oral contract with HSA on or about June 24, 1994, for the construction of a deck, which the plaintiffs now claim is defective. According to the plaintiffs' complaint, defendant HSA is a franchisee of defendant International, a Georgia corporation with its principal place of business in Florida.
In their claims against International, the plaintiffs allege that they notified International of their dissatisfaction with the work performed pursuant to the plaintiffs' contract with HSA, International's franchisee, and that International has failed to direct its franchisee to correct the alleged defect. In addition, the plaintiffs allege that International, as the franchisor of HSA, is legally obligated to indemnify the plaintiffs for damages resulting from HSA's alleged breach of contract.
On May 17, 1996, the defendant, International, filed a motion to dismiss the plaintiffs' complaint for lack of personal jurisdiction. In support of this motion, the defendant submitted CT Page 7157 a memorandum of law along with an affidavit by Dennis J. Johnson, International's chief executive officer. On June 17, 1996, the plaintiffs submitted a memorandum of law in opposition to the defendant's motion along with an affidavit by Diane Moore, the plaintiff.
"Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd.,236 Conn. 602, 605, 674 A.2d 426 (1996); see Practice Book § 143(2). "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first "decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.)Knipple v. Viking Communications, Ltd., supra, 236 Conn. 606. "Only if [the court] find[s] the statute to be applicable do we reach the question of whether it would offend due process to assert jurisdiction." Lombard Bros., Inc. v. General AssetManagement Co., 190 Conn. 245, 250, 460 A.2d 481 (1983).
In its supporting memorandum, the defendant argues that as a foreign corporation with its principal place of business in Florida, that has not transacted business in Connecticut or solicited business in the state, the long-arm statute, General Statutes § 33-411, does not subject it to jurisdiction in Connecticut merely because of the activities of a local franchisee in this state. Even if the requirements of General Statutes § 33-411 had been satisfied, the defendant argues that the exercise of jurisdiction over International by this court would offend traditional notions of due process because the defendant does not have sufficient "minimum contacts" with the state of Connecticut.
In their opposing memorandum, the plaintiffs essentially argue that this court may exercise personal jurisdiction over International pursuant to § 33-411 because the defendant transacts and solicits business in Connecticut. In addition, the plaintiffs argue that International is present in Connecticut and subject to personal jurisdiction in this state as a result of its obligation to exercise quality control over the services rendered CT Page 7158 by its Connecticut franchisees.[1]
General Statutes § 33-411 (b) provides that "[e]very foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 shall be subject to suit in this state upon any cause of action arising out of such business." "[Section] 33-411 (b) affords the plaintiff no jurisdictional base in the absence of allegations that the plaintiff's causes of action arose out of the defendant's transaction of business in Connecticut." Lombard Bros., Inc. v.General Asset Management Co., supra, 190 Conn. 253. In addition, § 33-411 (c)(2) provides that "[e]very foreign corporation shall be subject to suit in this state, by a resident of this state . . . on any cause of action arising . . . out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business . . . ." (Emphasis added.). For purposes of § 33-411 (c)(2), "[a] plaintiff need only demonstrate that the defendant could reasonably have anticipated being haled into court here by some person who had been solicited in Connecticut and that the plaintiff's cause of action is not materially different from an action that might have resulted directly from that solicitation."Thomason v. Chemical Bank, 234 Conn. 281, 296, 661 A.2d 595
(1995).
"If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Knipple v. VikingCommunications, Ltd., supra, 236 Conn. 607. In support of their argument, the plaintiffs have submitted a copy of an advertising brochure distributed by HSA, the local franchisee, on which International's toll free telephone number appears, encouraging readers to call the national hotline "to arrange membership for friends and family across the North America." Plaintiffs' Memorandum, Exhibit A. In addition, the plaintiffs have submitted a copy of the "Home Services Alliance Member Protection Plan," which was faxed by International to the plaintiffs in Connecticut at their request. Plaintiffs' Memorandum, Exhibit B.
The affidavit of Dennis Johnson submitted in support of the defendant's motion states that International is a Georgia corporation with its principal place of business in Florida. May 17, 1996 Affidavit of Dennis Johnson, ¶ 2. Although its franchisee, HSA, may be a Connecticut corporation, International CT Page 7159 is not authorized to transact business in Connecticut and does not have any offices, employees or telephone numbers in the state of Connecticut. Id., ¶¶ 6 and 7. International also does not have any bank accounts or posses any real property in the state of Connecticut. Id., ¶ 8 and 9. Furthermore, Johnson attests that International has never purchased advertising for HSA in Connecticut or solicited members for HSA in Connecticut. Id., ¶ 10. Finally, International was not a party to the contract between the plaintiffs and HSA. Id., ¶ 13. The plaintiff has failed to submit evidence to rebut the defendant's affidavit and establish that International "transacts business" in Connecticut as required by section 33-411 (b). See Dacourt Group, Inc. v.Babcock Industries, Inc., 747 F. Sup. 157, 159 (D. Conn. 1990) (court lacked personal jurisdiction, pursuant to General Statutes § 33-411 (b), over foreign parent corporation of Connecticut subsidiary, in action alleging breach of sale-leaseback agreement, where parent's only involvement with transaction was as potential guarantor for obligation of subsidiary); BrossUtilities Service Corp. v. Aboubshait, 489 F. Sup. 1366, 1371-72
(D. Conn. 1980), aff'd, 646 F.2d 559 (2d Cir. 1980) ("The transmission of communications between an out-of-state defendant and a plaintiff within the jurisdiction does not, by itself, constitute the transaction of business in the forum state.").
The advertising brochure submitted by the plaintiffs in opposition to the defendant's motion was distributed by the local franchisee, HSA, rather than International. July 3, 1996 Reply Affidavit of Dennis Johnson, ¶ 3. Even if this brochure could be construed as solicitation by International, the plaintiffs have submitted no evidence of repeated solicitation as required by § 33-411 (c)(2). See Lombard Bros., Inc. v. General AssetManagement Co., supra, 190 Conn. 257 (plaintiff could not succeed on its claim that § 33-411 (c)(2) conferred jurisdiction over the defendant because sporadic placement of advertisements did not, without more, constitute repeated solicitation of business in Connecticut). In addition, the "Member Protection Plan" faxed by International to the plaintiffs is a plan offered by the local franchisee, who assumes complete responsibility for fulfilling the terms of the plan. July 3, 1996 Reply Affidavit of Dennis Johnson, ¶ 6. A single facsimile transmission to the plaintiffs in Connecticut cannot form the basis of personal jurisdiction pursuant to § 33-411 (c)(2). See Hagar v.Zaidman, 797 F. Sup. 132, 136-37 (D. Conn. 1992) (placement of some 95 phone and fax transmissions from California corporation to Connecticut corporation did not constitute "solicitation of CT Page 7160 business" pursuant to § 33-411 (c)(2)). Finally, the activities of a foreign corporation's franchisees cannot be attributed to the franchisor for purposes of establishing personal jurisdiction. J.E.T. Advertising Associates v. LawnKing, Inc., 84 App.Div.2d 744, 443 N.Y.S.2d 745, 747 (1981).
The plaintiffs have failed to sustain their burden of establishing that the defendant either "transacts business" or repeatedly "solicited business" in Connecticut pursuant to General Statutes §§ 33-411 (b) and 33-411 (c)(2).
Accordingly, the defendants motion to dismiss for lack of personal jurisdiction is granted as to the defendant, Home Services Alliance International, Inc.
KARAZIN, J.