ROPER STARCH WORLDWIDE,
INC., Plaintiff,

v.

REYMER & ASSOCIATES,
INC., Defendant.

No. 97 Civ. 7729(BDP).

United States District Court,
S.D. New York.

April 9, 1998.

Donna M. Lattarulo, Lev Berlin & Dale, New York City, for Plaintiff.

Jeffrey D. Prol, Ravin, Sarasohn, Cook, Baumgarten, Fisch, & Rosen, P.C., Roseland, NJ, for Defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge:

Plaintiff Roper Starch Worldwide, Inc. ("Roper Starch") brought this action against Reymer & Associates, Inc. ("Reymer"), claiming breach of contract and unjust enrichment.[1] Reymer now moves to dismiss on the grounds that this Court lacks personal jurisdiction over it, or in the alternative, to transfer venue to the Eastern District of Michigan. *See* 28 U.S.C. § 1404(a). For the reasons that follow, defendant's motion to dismiss is granted.

## BACKGROUND

Roper Starch is a New York corporation with a principal place of business in Mamaroneck, New York and a "phone center" in

---

1. Plaintiff also seeks attorneys' fees and costs.

New York, New York. Roper Starch conducts advertising, media marketing, and public opinion research. Reymer is a Michigan corporation with its principal place of business in Southfield, Michigan. Reymer is a media research "think tank," which analyzes information collected by various subcontractors and generates reports for its media clients.

Reymer hired Roper Starch to perform market research and tabulate data in connection with three companies: TCI, Showtime, and ViewTrak. Reymer negotiated its contract with Roper Starch through Sandy Kapular, a Roper Starch employee and a resident of Northfield, Illinois. The contract negotiations occurred either in Michigan or Illinois, and Kapular supervised performance of the contract from her home office in Illinois.

In each of the three studies for which Roper Starch was hired, Reymer designed the questionnaire that formed the basis for the questions Roper Starch was to ask, and e-mailed it to Roper Starch's New York offices. Roper Starch's work in connection with the contract consisted of telephone calls to individuals in forty-eight states, asking those individuals questions, and compiling their answers. The calls and resultant data compilations were made in Roper Starch's New York offices, under Kapular's supervision from Illinois. Payment was forwarded by Reymer to Roper Starch's Mamaroneck, New York office. In her affidavit, Kapular states that several conference calls were made between Reymer, Kapular, and other employees of Roper Starch in New York to discuss changes to the work after the completion of preliminary tabulations. Reymer contends that these calls were made only after it found Roper Starch's performance unsatisfactory, and were to ensure compliance with the contract terms.

Because Reymer asserts that Roper Starch's performance of its duties was inadequate, it has not paid the full amount due to Roper Starch under the contract. Roper Starch thus brought this suit seeking to recover the amount it claims Reymer still owes

under the contract. Reymer now seeks dismissal on the grounds that this Court lacks personal jurisdiction over it. Specifically, Reymer contends that it is not present in the state with sufficient continuity and that it has not transacted business within this state to the extent necessary for this Court to have personal jurisdiction over it. In the alternative, Reymer moves for transfer of this case to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

■■■ The plaintiff has the burden of establishing that this Court has personal jurisdiction over the defendant. *Walters v. Woodson*, No. 87 Civ. 2500, 1987 WL 19026, *1 (S.D.N.Y. Oct.16, 1987); *Spectra Products, Inc. v. Indian River Citrus Specialties, Inc.*, 144 A.D.2d 832, 534 N.Y.S.2d 570, 571 (3d Dept.1988). Where no evidentiary hearing has been held, the plaintiff need only made a prima facie showing that jurisdiction exists. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). In addition, all pleadings and affidavits are construed in the light most favorable to plaintiff. *Id.*

■■ Personal jurisdiction over a foreign corporation in a diversity action is determined in accordance with the law of the state in which the court sits. *Id.* The parties agree that this Court must resolve jurisdictional issues according to New York law, and that Sections 301 and 302(a)(1) of the New York Civil Practice Law and Rules will accordingly govern whether this Court has personal jurisdiction over Reymer.

### A. CPLR § 301

Under CPLR § 301, a foreign corporation may be subject to jurisdiction in New York if that corporation is present in the state "not occasionally or casually, but with a fair measure of permanence and continuity." [2] *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917). As our Circuit has noted,

---

**2.** This statute, the "doing business" statute, provides: "A court may exercise such jurisdiction

over persons, property, or status as might have been exercised heretofore."

The New York courts, in applying the pragmatic test for section 301 jurisdiction, have focused upon factors including: the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state.

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d at 58 (citations omitted).

■ In this case, it is undisputed that Reymer has no office, maintains no bank accounts or other property, and has no employees in New York. Plaintiff focuses on Reymer's solicitation of business in New York as a basis for jurisdiction under § 301, and notes that "once solicitation is found in any substantial degree very little more is necessary to a conclusion of doing business." *Dunn v. Southern Charters, Inc.,* 506 F.Supp. 564, 567 (E.D.N.Y.1981) (citations omitted). As Reymer points out, however, mere solicitation of business is not sufficient to constitute "doing business." *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.,* 918 F.2d 1039, 1043 (2d Cir.1990). Only "if the solicitation is substantial and continuous, and defendant engages in other activities of substance in the state," will personal jurisdiction be found to exist. *Id.*

■ In this case, I find that Reymer's solicitation of business, even when considered in conjunction with the other factors cited by Roper Starch, is not sufficient to constitute "doing business" in New York. While Reymer admits that it occasionally solicits business in New York, there is no evidence that its solicitation is "substantial and continuous." Further, while Reymer may have solicited Roper Starch to undertake the studies in question, this solicitation occurred through Kapular in Illinois. Moreover, while Roper Starch argues that the three studies at issue here, as well as five prior studies that Roper Starch performed for Reymer were all conducted through Roper Starch's New York offices, and several of them involved corporations with offices in New York, such contacts are insufficient to show that Reymer was "continually and systematically engaged" in business in New York. *See, e.g., Landoil*

*Resources Corp. v. Alexander & Alexander Serv., Inc.,* 918 F.2d at 1045 (thirteen business trips of short duration, by different employees, for number of accounts did not confer personal jurisdiction over defendant); *Aquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 211–12 (2d Cir.1970) (visits to solicit business in New York "every few months" insufficient to sustain jurisdiction). Nor can Roper Starch use its own activities on behalf of Reymer—in previous studies or otherwise—to confer jurisdiction on Reymer. *J.E.T. Advertising Assoc., Inc., v. Lawn King, Inc.,* 84 A.D.2d 744, 443 N.Y.S.2d 745, 747 (2d Dept.1981) (citing *Haar v. Armendoris Corp.,* 31 N.Y.S.2d 1040, 342 N.Y.S.2d 70, 294 N.E.2d 855 (1973); *Glassman v. Hyder,* 23 N.Y.2d 354, 296 N.Y.S.2d 783, 244 N.E.2d 259 (1968)).

■ Roper Starch contends that the forwarding of questionnaires and payments directly to Roper Starch's New York offices are other factors that warrant a finding that Reymer was "doing business" in New York. However, "isolated instances of mailings ... into New York are simply too irregular and insignificant to establish constructive presence here [under § 301]." *Graphic Controls Corp. v. Utah Medical Prods., Inc.,* No. 96 Civ. 0459, 1997 WL 276232, *3 (W.D.N.Y. May 21, 1997). Here, Roper Starch alleges the forwarding of only three questionnaires and some payments by Reymer into its New York offices. Such actions do not show the continuous contacts necessitated by CPLR § 301. Accordingly, the Court does not have personal jurisdiction over Reymer under CPLR § 301.

### B. *CPLR § 302(a)(1)*

■ Roper Starch next cites CPLR § 302(a)(1) as a basis for personal jurisdiction over Reymer. Under this statute, the "long-arm" statute, a court may exercise personal jurisdiction over

any non-domiciliary, or his executor or administrator, who in person or through his agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state....

CPLR § 302(a)(1). Courts look to the "totality of circumstances" to determine whether a party has "transacted business" within the meaning of § 302(a)(1). *Snyder v. Madera Broadcasting, Inc.*, 872 F.Supp. 1191, 1194 (E.D.N.Y.1995) (citing *Sterling Nat'l Bank & Trust Co. v. Fidelity Mortgage Investors,* 510 F.2d 870, 873 (2d Cir.1975)). Such circumstances include, but are not limited to, the following: (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York; (3) what the choice of law clause is in the contract; and (4) whether the contract requires notices and payments to be sent into the forum state or requires supervision by the corporation in the forum state. *Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir.1996). No one factor is dispositive, and all are relevant. *Id.* In addition, in making a determination that jurisdiction exists, a court must ensure that due process requirements have been met, such that the defendant can reasonably "anticipate being haled into court" in that forum. *World–Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). These concerns are satisfied where the defendant's activities "constitute purposeful efforts to invoke the benefits and protection of New York law." *First City Federal Sav. Bank v. Dennis,* 680 F.Supp. 579, 584 (S.D.N.Y.1988) (citing *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

■ In this case, applying the factors of *Agency Rent A Car,* the Court concludes that the requirements of § 302(a)(1) have not been met. It is undisputed that the contract between the parties was negotiated and executed either in Michigan or Illinois by Reymer and Sandy Kapular, who also supervised the contract from her office in Illinois. The contract contained no New York choice of law clause, and although Reymer made payments to Roper Starch's New York office, this was not a requirement of the contract. Even if this Court were to assume, *arguendo,* that Reymer had an ongoing relationship with Roper Starch, a New York corporation, such a fact would in itself be insufficient to confer jurisdiction under § 302(a)(1). Under the *Agency Rent A Car* factors, this Court cannot find that personal jurisdiction exists over Reymer under § 302(a)(1).

Roper Starch also argues, however, that Reymer's knowledge of, and acquiescence in, Roper Starch's conducting of market research in New York, and the actions that Reymer took in support of Roper Starch's work require a finding of personal jurisdiction. In support of its argument, Roper Starch relies on Reymer's telephone calls, faxes, e-mails, and direct payments to Roper Starch in New York.

■ In order to base jurisdiction on § 302(a)(1), phone calls and mailings must serve to "project" a defendant into New York in such a manner that the defendant "purposefully avails himself" of the protections and benefits of New York Law. *Snyder v. Madera Broadcasting, Inc.,* 872 F.Supp. at 1195; *see also Pell v. Clarke,* No. 93 Civ. 332, 1994 WL 74075, *3 (S.D.N.Y. Mar.9, 1994). Phone calls that seek to insure fulfillment of contract terms do not "project" a defendant into a state sufficiently to confer jurisdiction. *Walters v. Woodson,* 1987 WL 19026 at *2 (phone calls by Woodson to plaintiff's New York offices requesting advancement of funds under contract insufficient to confer personal jurisdiction over Woodson under § 302(a)(1)); *cf. Parke–Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970) (defendant's phone call into New York sufficient to confer personal jurisdiction under § 302(a)(1) where defendant participated in live New York auction by means of open telephone line, projecting himself into New York activities through his agent on other end of line). Here, plaintiff has offered no evidence to rebut defendant's contention that the "several" telephone calls defendant made were solely to ensure compliance with the contract terms, stating through Kapular that the conference calls were "to discuss changes to the work after the preliminary tabulations were completed." Defendant's phone calls into New York do not suffice to confer personal jurisdiction under § 302(a)(1).

The mailings and faxes sent by defendant to Roper Starch in New York likewise do not

confer personal jurisdiction over Reymer. Again, fax and mail contact provides a basis for CPLR § 302(a)(1) jurisdiction only when the defendant has purposely projected himself into New York to avail himself of the benefits and protections of its laws. *Fischbach Corp. v. United Power Association, Inc.*, No. 93 Civ. 5373, 1995 WL 505582, *2 (S.D.N.Y.1995). In this case, the mere mailing of questionnaires directly to Roper Starch's New York office and transmission of faxes to try to ensure contractual compliance do not show "purposeful" availment of New York laws. And merely sending payment to New York is not sufficient to establish personal jurisdiction over a defendant under § 302(a)(1). *First City Federal Savings Bank v. Dennis*, 680 F.Supp. 579 (S.D.N.Y. 1988).

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is granted. Because of this dismissal, I need not address defendant's motion to change venue. The Clerk of the Court is directed to dismiss the complaint.

**SO ORDERED.**