MICHAEL E. POLANSKY, Appellant, v MONTE GELROD et al., Defendants, and JOSEPH ANDERSON et al., Respondents. [798 NYS2d 762]—

Rose, J. Appeal from an order of the Supreme Court (Benza, J.), entered May 5, 2004 in Albany County, which, inter alia, granted the motions of defendants Joseph Anderson, Anderson Racing, Inc., William Robinson and Lella Montgomery to dismiss the complaint against them.

In this action for damages alleging that defendants fraudulently induced plaintiff to purchase a number of Standardbred racehorses, Supreme Court granted the motions made by nondomiciliary defendants Joseph Anderson, Anderson Racing, Inc., William Robinson and Lella Montgomery (hereinafter collectively referred to as defendants) to dismiss the complaint against them on the ground that the court did not have long-arm jurisdiction over them. Plaintiff appeals, contending that

defendants are subject to Supreme Court's jurisdiction because they transacted business within New York pursuant to CPLR 302 (a) (1) and committed a tort outside New York that caused injury to him within the state pursuant to CPLR 302 (a) (3). We think not.

Personal jurisdiction may be obtained over a nondomiciliary "who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]). Plaintiff alleges that defendants transacted business in New York through their agent and coconspirator, defendant Monte Gelrod. To sustain his burden, however, plaintiff must establish that Gelrod engaged in purposeful activities in New York for the benefit of defendants *and* defendants exercised sufficient control over Gelrod to make him their agent (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *Spectra Prods. v Indian Riv. Citrus Specialties*, 144 AD2d 832, 833-834 [1988]; *compare Holmes v First Meridian Planning Corp.*, 155 AD2d 813, 814-815 [1989]). Here, plaintiff offers only the conclusory allegation that Gelrod was their agent, with no supporting evidentiary facts establishing control. Nor is there evidence that any of the actions or services performed by Gelrod, a New Jersey resident, took place in New York. Further, the claim that Gelrod was defendants' coconspirator is unavailing, for plaintiff still must show sufficient dominion and control to attribute the conspirator's actions in New York to defendants (*see In re Terrorist Attacks on September 11, 2001*, 349 F Supp 2d 765, 805-806 [SD NY 2005]).

Also unavailing is plaintiff's reliance on the fact that Robinson, a resident of Canada, holds a license to own and train racehorses in New York. Unlike business corporations, which are deemed to designate the Secretary of State as their agent for service and consent to personal jurisdiction when they register to do business in the state (*see* Business Corporation Law § 304; *Augsbury Corp. v Petrokey Corp.*, 97 AD2d 173, 175 [1983]), there is no comparable requirement for licensed trainers (*see* 9 NYCRR 4002.1 *et seq.*). Moreover, even if Robinson's license were deemed to constitute the transaction of business in the state, there is no allegation or proof of a substantial nexus between his transactions in New York and plaintiff's cause of action (*see Johnson v Ward*, 4 NY3d 516, 519-520 [2005]).

Finally, for jurisdiction to exist under CPLR 302 (a) (3), the commission of a tortious act outside the state must, among other things, cause personal or property injury within the state. Here, plaintiff failed to show that he sustained any injury—other than financial loss—in New York. Assuming that defen-

dants' conduct constituted a tort, the situs of such a nonphysical commercial injury is the place where "the critical events associated with the dispute took place" and not where the resultant monetary loss occurred (*American Eutectic Welding Alloys Sales Co. v Dytron Alloys Corp.*, 439 F2d 428, 433-434 [2d Cir 1971]; *see Cliffstar Corp. v California Foods*, 254 AD2d 760, 761 [1998]; *Weiss v Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff*, 85 AD2d 861, 862 [1981]). Plaintiff's allegations indicate that the critical events associated with the dispute were the purchase and training of horses outside New York. Accordingly, Supreme Court did not err in granting defendants' motion to dismiss the complaint against them for lack of personal jurisdiction.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.