■ JOSEPH PARSONS, JR., et al., Appellants, v KAL KAN FOOD, INC., et al., Defendants, and EAST COAST WAREHOUSE AND DISTRIBUTION CORPORATION, Respondent. [892 NYS2d 246]—

Kane, J.

Plaintiffs commenced this action alleging injuries due to defendants' negligence in relation to an accident at a warehouse in New Jersey. Defendant East Coast Warehouse and Distribution Company (hereinafter defendant) moved to dismiss the complaint against it for lack of personal jurisdiction (*see* CPLR 3211 [a] [8]). Supreme Court granted the motion, prompting plaintiffs' appeal.

Defendant is not subject to personal jurisdiction in New York under CPLR 301.* That statute permits New York courts to exercise jurisdiction over an entity that has engaged in "a continuous and systematic course of 'doing business' " in this state, such that it may be said to have a presence here (*Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990]). Defendant is a New Jersey corporation not registered to do business in New York, it neither owns nor leases any real or personal property here, pays no New York taxes and none of its corporate officers reside in this state. Defendant's principal place of business is in New Jersey, where it warehouses products for its customers and facilitates distribution of those products via trucking companies. Some of its customers are New York residents and some of the products they store at defendant's facility either come from or are shipped to New York. But defendant does not transport these products itself and does not own any tractors or trailers. Although defendant mailed brochures to customers in New York and its Web site was accessible worldwide, mere solicitation of business in New York is insufficient to constitute doing business here (*see Miller v Surf Props.*, 4 NY2d 475, 480 [1958]; *see also Holness v Maritime Overseas Corp.*, 251 AD2d 220, 222-223 [1998]). To satisfy the "solicitation-plus" rule, the aggregate of the corporation's activities within this state "must be with a fair measure of permanence and continuity and not occasional or casual" (*Chamberlain v Jiminy Peak*, 155 AD2d 768, 769 [1989]; *see Laufer v Ostrow*, 55 NY2d 305, 310 [1982]; *Tauza v Susque-*

---

* Plaintiffs make no claim that there is long-arm jurisdiction under CPLR 302.

*hanna Coal Co.*, 220 NY 259, 267 [1917]). Visits by defendant's executive vice-president to New York once or twice per year to solicit sales or maintain relationships with its customers were too sporadic and infrequent to constitute a presence by defendant (*see Laufer v Ostrow*, 55 NY2d at 308-310; *Cardone v Jiminy Peak*, 245 AD2d 1002, 1003-1004 [1997]; *Pacamor Bearings v Molon Motors & Coil*, 102 AD2d 355, 357 [1984]). Considering the circumstances, defendant had no presence in New York such that it could be said to be doing business here.

Plaintiffs attempt to obtain jurisdiction by pointing to activities in New York of Safeway Trucking Corporation, an affiliate of defendant. We are unpersuaded. Safeway shares an address and phone number with defendant, uses the same Web site and promotional brochure, and the same individuals are officers and directors of both corporations. But the corporations provide different types of services. While defendant offers warehousing and distribution services, Safeway is a trucking company that transports products from defendant's warehouse and elsewhere. Despite being part of a family-owned business network, the corporations do not have a parent/subsidiary relationship, are not alter egos of one another and neither is the other's agent, so as to subject defendant to jurisdiction based upon Safeway's presence in New York (*see Delagi v Volkswagenwerk AG of Wolfsburg, Germany*, 29 NY2d 426, 432 [1972]; *see also Frummer v Hilton Hotels Intl.*, 19 NY2d 533, 537-538 [1967]; *Pacamor Bearings v Molon Motors & Coil*, 102 AD2d at 357). As defendant is not subject to personal jurisdiction in New York, Supreme Court properly granted defendant's motion to dismiss the complaint against it.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.